## MILLER v. ZERBST, Warden.

### No. 1266.

District Court, N. D. Georgia.

Oct. 18, 1937.

Lawrence S. Camp, U. S. Atty., by H. T. Nichols and H. H. Tisinger, Asst. U. S. Attys., of Atlanta, Ga., for appellee.

UNDERWOOD, District Judge.

On January 30, 1928, petitioner was, by the United States District Court for the Southern District of Alabama, "sentenced to imprisonment in the United States Penitentiary in Atlanta, Georgia, for a period of three years on each count of the indictment, said periods of three years each to run concurrently with each other, and said sentence of imprisonment to begin at the expiration of the sentence he is now serving for the State of Alabama."

The state sentence just referred to, passed on January 27, 1928, was fully served, and petitioner was discharged therefrom on August 16, 1934. However, prior to his discharge he had escaped from the state prison, but was recaptured, indicted for said escape, and sentenced to serve a second sentence, following the one he was serving at the time of his escape. The sentence on the escape charge was served immediately following his first state sentence, and he was discharged on August 16, 1936.

Upon such discharge, from the state prison on August 16, 1936, he was apprehended by the United States Marshal for the Southern District of Alabama and delivered to the federal penitentiary under a commitment issued July 14, 1936, based upon the original sentence of the United States Court passed on January 30, 1928.

Petitioner contends that the sentence passed by the United States District Court on January 30, 1928, by its very terms, began to run at the expiration, on August 16, 1934, of the state sentence he was serving, and that the intervention of the second state sentence did not interrupt the running of the sentence of the federal court.

If this contention be true, of course petitioner would be entitled to his discharge, since, under such theory, it would have expired not later than August 15, 1937.

In my opinion, under the facts in this case, petitioner's situation is analogous to that of an escape or a fugitive from justice, or of a parolee who has been sentenced by a state court while on parole, but before arrest under a parole warrant.

If a person should be sentenced by the United States court to a term beginning immediately, but just before beginning the execution of his sentence he escaped, the sentence would be tolled until he was retaken.

By analogy, if petitioner, by his wrongful act while in the custody of the state authorities, made it impossible for the United States to retake him at the time provided in the sentence for the commencement of its execution, then the sentence would be tolled until he could be retaken by the United States.

This being true, it appears that he was arrested and imprisoned, under the parole warrant, at the earliest time at which the federal government could act.

In these circumstances, petitioner's sentence could not have run during the time he was in the custody of the state and he is not entitled to have this or any part of this time computed as service of his federal sentence. Anderson v. Corall, 263 U.S. 193, 44 S.Ct. 43, 68 L.Ed. 247.

Whereupon, it is considered, ordered, and adjudged that said writ of habeas corpus be and hereby is discharged, and petitioner remanded to the custody of respondent.