**HARRELL v. SHUTTLEWORTH, Warden.**

Civ. 328.

United States District Court
N. D. Florida, Tallahassee Division.

Nov. 30, 1951.

J. B. Hodges, Lake City, Fla., for petitioner.

George Earl Hoffman, U. S. Atty., Pensacola, Fla., Hayford O. Enwall, Asst. U. S. Atty., Gainesville, Fla., for respondent.

DE VANE, Chief Judge.

Petitioner seeks his release from the Warden of the Federal Correctional Institution at Tallahassee, Florida. The facts upon which the petition for writ of habeas corpus is based are briefly summarized below.

Petitioner was convicted in the Circuit Court of Columbia County, Florida, for armed robbery and on September 6, 1943 was sentenced to six (6) years in State prison. He was later indicted in the Federal court for violation of the National Motor Vehicle Theft Act and on October

1, 1945 was produced by the State authorities for trial on the Federal indictment. He entered a plea of guilty to the Federal indictment and on the same day was sentenced to "two (2) years, to begin at the expiration of sentence·defendant is now serving in the Florida State prison." Upon petitioner's sentence he was returned by the State authorities to the State prison.

Subsequent to his sentence in the Federal court and while still in State custody petitioner committed another offense and was, on May 29, 1946, sentenced by the Circuit Judge of Union County, Florida to serve six (6) years for this offense. This sentence ran concurrently with the earlier State sentence imposed upon petitioner.

Upon petitioner being sentenced by the District court in October, 1945 a commitment was issued and a detainer placed with the State authorities for petitioner's delivery to the United States Marshal upon his release by them.

Petitioner completed the sentence imposed upon him in the first State case on November 25, 1949 and completed the sentence imposed upon him in the second State case October 8, 1951. The State did not release him to the United States Marshal until petitioner had completed the second sentence. The question before the court is whether the sentence imposed upon petitioner by the District court in 1945 began to run on November 25, 1949, when he completed the State sentence he was serving at the time Federal sentence was imposed upon him, or whether the imposition of the subsequent State sentence tolled the beginning of the Federal sentence to the date on which the State authorities delivered petitioner to the United States Marshal, to-wit: October 8, 1951.

 The law is well settled that either the State or Federal sovereignty, in its discretion, may waive exclusive jurisdiction of a person for the purpose of trial in the courts of the other sovereignty without creating any difficulty in respect to the execution of the second sentence. Ponzi v.

Fessenden, 258 U.S. 254, 42 S.Ct. 309, 66 L.Ed. 607. It is also well settled law that when a prisoner is in the custody of the State and the Federal government receives him for the purpose of trial only the sentence imposed by the Federal court does not begin to run until the State has exhausted its demands against him and *yields him* to the Federal government. Zerbst, Warden v. McPike, 5 Cir., 1938, 97 F.2d 253; Lunsford v. Hudspeth, 10 Cir., 1942, 126 F.2d 653; Vanover v. Cox, Warden, 8 Cir., 1943, 136 F.2d 442.

 Petitioner relies upon the provisions contained in the sentence imposed upon him by the District court to the effect that it was "to begin at expiration of sentence defendant is now serving in the Florida State prison." As pointed out above, service under that State sentence was completed November 25, 1949, but defendant was held by the State under subsequent sentence of May 29, 1946, which did not expire until October 8, 1951.

When the Federal court sentence was imposed upon petitioner, Title 18 U.S.C. § 709a [now § 3568] provided: "The sentence of imprisonment of any person convicted of a crime in a court of the United States shall commence to run from the date on which such person is received at the penitentiary, reformatory, or jail for service of said sentence. * * * No sentence shall prescribe any other method of computing the term." In the face of this statute fixing the commencement of the term of the sentence it is clear that the language relied upon was ineffective and surplusage. The Federal sentence imposed upon petitioner did not begin to run, and, under the law, could not begin to run, until petitioner was "received at the penitentiary, reformatory, or jail for service of said sentence." Rohr v. Hudspeth, Warden, 10 Cir., 1939, 105 F.2d 747 and Strewl v. McGrath, Attorney General, D.C.Cir., 191 F.2d 347.

An appropriate Order will be entered denying the petition for writ of habeas corpus.