**MITCHELL v. SHANK, Warden.**

No. 283.

United States District Court
E. D. Kentucky, Catlettsburg Division.

May 16, 1952.

---

James William Mitchell, pro se.

Claude P. Stephens, U. S. Atty., Kit C. Elswick, Asst. U. S. Atty., both of Lexington, Ky., for respondent.

SWINFORD, District Judge.

James William Mitchell is now held prisoner in the Federal Correctional Institution at Ashland, Kentucky. He is serving a fifteen months sentence imposed by Judge Leslie R. Darr, of the Eastern District of Tennessee. He filed this petition for a writ of habeas corpus in forma pauperis. He contends that he is entitled to the writ by reason of the following alleged facts:

On December 2, 1946, the petitioner was sentenced to the Tennessee penitentiary for three years by the Tennessee state court on a charge of housebreaking.

On December 4, 1946, the Federal Court at Knoxville, Tennessee, sentenced him on a Federal charge "to a term of fifteen months, to run consecutively with his three year state sentence." He was committed to the state penitentiary. No detainer was placed by the federal authorities with the state authorities. On December 2, 1948, he was discharged by term expiration from the Tennessee prison.

On July 19, 1949, he was again sentenced on an additional State of Tennessee charge to four years and one day in the Tennessee penitentiary. He was released from the institution upon completing the maximum expiration of his term on February 20, 1952.

Upon his release he was immediately taken into Federal custody and committed to the Federal institution in which he is now held for service of the fifteen months sentence imposed by Judge Darr at Knoxville on December 4, 1946.

The petitioner now claims that with the record reflecting the foregoing steps he is entitled to relief on the following grounds, which I quote from his petition:

"He was not permitted a hearing in Federal Court. That he was taken directly to Lexington, Kentucky and held immured until February 26, 1952 at which date he was incarcerated in the Federal Correctional Institution, Ashland, Kentucky on a sentence that had expired.

"He should have been afforded a hearing by a Federal Court because it is to be considered that the Federal Government had lost jurisdiction in his case by not issuing a Detainer to hold him in Custody before his release from Prison, December 2, 1948.

"He believes that at the time of sentencing, The Honorable Leslie R. Darr had no intentions that the sentence should be extended to cover a period of years before taking effect. It is believed he intended the original sentence to take effect immediately upon your petitioners release from prison December 2, 1948. It is plain to be seen that the intentions of the Honorable Judge was not carried out."

To this petition the defendant filed a motion to dismiss.

The law on the facts of this case is well settled. It is fixed entirely by statute. U.S.C.A. Title 18, § 3568, provides:

"The sentence of imprisonment of any person convicted of an offense in a court of the United States shall commence to run from the date on which such person is received at the penitentiary, reformatory, or jail for service of said sentence.

"If any such person shall be committed to a jail or other place of detention to wait transportation to the place at which his sentence is to be served, his sentence shall commence to run from the date on which he is received at such jail or other place of detention.

"No sentence shall prescribe any other method of computing the term."

In a case of marked similarity to the case at bar, Harrell v. Shuttleworth, 101 F.Supp. 408, 409, Judge De Vane of the Northern District of Florida, summed up the applicable law in the following language:

"The law is well settled that either the State or Federal sovereignty, in its discretion, may waive exclusive jurisdiction of a person for the purpose of trial in the courts of the other sovereignty without creating any difficulty in respect to the execution of the second sentence. Ponzi v. Fessenden, 258 U.S. 254, 42 S.Ct. 309, 66 L.Ed. 607. It is also well settled law that when a prisoner is in the custody of the State and the Federal government receives him for the purpose of trial only the sentence imposed by the Federal court does not begin to run until the State has exhausted its demands against him and yields him to the Federal government. Zerbst, Warden v. McPike, 5 Cir., 1938, 97 F.2d 253; Lunsford v. Hudspeth, 10 Cir., 1942, 126 F.2d 653; Vanover v. Cox, Warden, 8 Cir., 1943, 136 F.2d 442."

See also, Strewl v. McGrath, D.C.Cir., 191 F.2d 347.

In view of the wording of the statute and on basis of the authorities herein cited, it is obvious that no sentence against the petitioner in so far as the judgment in the District Court of the United States for the Federal offense was concerned could begin to run until he was taken into custody by the Federal officers for commitment to the institution in which he is now held. Neither the intervening period, the lack of a detainer nor the alleged intention of the sentencing judge could have any effect upon the time of commencement of the sentence.

The writ should be denied and the defendant's motion to dismiss the petition should be sustained.

An order to that effect is this day entered.