**Harry A. McINTOSH, Appellant,**

v.

**Chesley H. LOONEY, Warden, United States Penitentiary, Leavenworth, Kansas, Appellee.**

**No. 5628.**

United States Court of Appeals Tenth Circuit.

Oct. 5, 1957.

Donald L. Giacomini, Denver, Colo., for appellant.

Milton P. Beach, Asst. U. S. Atty., Kansas City, Kan. (William C. Farmer, U. S. Atty., Topeka, Kan., on the brief), for appellee.

Before MURRAH, PICKETT and LEWIS, Circuit Judges.

LEWIS, Circuit Judge.

Appeal is taken from an order of the District Court denying, after full hearing, appellant's petition for writ of habeas corpus.

On April 7, 1952, appellant was incarcerated in the Green County, Missouri, jail serving a misdemeanor sentence of six months imposed upon him through state jurisdiction. On such date, pursuant to a writ of habeas corpus *ad prosequendum*, appellant was turned over to federal authority for imposition of sentence for a violation of the federal kidnaping statute, 18 U.S.C.A. §§ 1201, 1202. The sentence set by the United States District Court for the Western District of Missouri was five years "said sentence of imprisonment to begin to run upon expiration of the sentence of imprisonment imposed by the state court and now being served." Appellant was then returned to state authority to serve the remainder of his six-month term. While so serving he assaulted a jailer, was indicted for the offense by the State of Missouri, plead guilty, and was sentenced to five years "said sentence to begin at the expiration of a sentence in the Green County, Missouri, jail."

On the expiration of appellant's six-month term he was removed to the Missouri penitentiary where he was imprisoned pursuant to the second sentence of the Missouri state court until October 11, 1956. He was then surrendered to federal authority and is presently held at the United States Penitentiary at Leavenworth, Kansas. He bases his claim of right to habeas corpus upon the assertion that his federal sentence ran concurrently with that imposed by Missouri for the offense of assault and that he is consequently entitled to release through lapse of time.

There is no contention here made that the surrender of appellant to state custody for the purpose of continuation of his six-month term was either unauthorized or for the purpose of awaiting transportation to a place of federal detention as contemplated by the provisions of 18 U.S.C.A. § 3568.[1] The rules of comity between state and federal government permit surrender of jurisdiction and custody of prisoners for the exercise of sovereign rights inter se and it is well settled that in such cases

1. "The sentence of imprisonment of any person convicted of an offense in a court of the United States shall commence to run from the date on which such person is received at the penitentiary, reformatory, or jail for service of said sentence.

"If any such person shall be committed to a jail or other place of detention to wait transportation to the place at which his sentence is to be served, his sentence shall commence to run from the date on which he is received at such jail or other place of detention.

"No sentence shall prescribe any other method of computing the term. June 25, 1948, c. 645, 62 Stat. 838."

a federal sentence does not begin to run until such time as a prisoner is first received at a federal penal institution for service of his federal sentence. Rohr v. Hudspeth, 10 Cir., 105 F.2d 747; Lunsford v. Hudspeth, 10 Cir., 126 F.2d 653; Hayward v. Looney, 10 Cir., 246 F.2d 56. But appellant insists that the right to surrender jurisdiction and custody of a federal prisoner to state sovereignty lies only with the court upon proper order and that no such act can be initiated or countenanced by either affirmative or negative action of the United States Marshal. He asserts that upon expiration of his six-month sentence it became the duty of the United States Marshal to obtain or attempt to obtain custody of appellant for the execution of the federal sentence; that at such time the state jurisdiction over him lapsed and was but renewed by execution of the second state sentence; that the second state sentence and that of the federal court were of equal dignity, were imposed in identical terms, and that by not executing the literal order of the federal court the marshal was guilty of at least nonfeasance in his duty; and appellant concludes that the legal effect of these events is the concurrent running of federal and state sentences.

We are in accord with appellant's academic premise that a prisoner cannot be charged with a detriment attributable to the misfeasance or nonfeasance of the United States Marshal in executing or failing to execute an order of the federal court. Smith v. Swope, 9 Cir., 91 F.2d 260. But in the instant case the marshal was guilty of neither. He was directed to return custody of appellant to the State of Missouri. This he did. The State of Missouri then had continuous jurisdiction and custody of appellant until October 11, 1956, at which time state jurisdiction and the right to custody were terminated. It then became the marshal's duty to execute the order of the federal court. This he did. Appellant's contention that there was a theoretical lapse of state jurisdiction at the termination of the six-month sentence and the initiation of the state five-year sentence finds no support in the authorities nor in reason. Appellant's incarceration was continuous and under a single and proper authority, that of the State of Missouri.

The instant case is remarkably similar in fact to that found in Harrell v. Shuttleworth, 5 Cir., 200 F.2d 490. There a prisoner serving six years in the Florida State prison was sentenced by the federal court to two years "to begin at expiration of sentence defendant is now serving in the Florida State prison." The prisoner thereafter received an additional sentence of six years by the state court for an offense committed in the penal institution. It was held that the federal sentence did not begin to run at the expiration of the first state sentence.

In Harrell the state sentences overlapped. In the instant case they were consecutive. The effect is the same—continuous jurisdiction and custody under a single sovereign authority.

The order of the district court denying appellant's petition for writ of habeas corpus was proper and it is affirmed.