**UNITED STATES of America, Plaintiff,**

v.

**Orie Floyd BAKER, Defendant.**

**Cr. Nos. 15758, 15759 and 15765.**

United States District Court
E. D. Arkansas, W. D.
Jan. 20, 1959.

Osro Cobb, U. S. Atty., Milton D. Bowers, Asst. U. S. Atty., Little Rock, Ark., for the Government.

Jack L. Goodsit, Milwaukee, Wis., for petitioner.

HENLEY, District Judge.

There has been filed in this court, under the provisions of 28 U.S.C.A. § 2255, a motion to correct or clarify the judgments and sentences entered and pronounced in the above styled cases on June 14, 1955, pursuant to which the petitioner, Orie Floyd Baker, is now confined in the United States Penitentiary at Leavenworth, Kansas. The facts are as follows:

Prior to June 13, 1955, the petitioner was a prisoner in the Arkansas State Penitentiary, serving a two year sentence imposed upon him by the Circuit Court of Columbia County, Arkansas. On that date, by virtue of proceedings under Rule 20 of the Federal Rules of Criminal Procedure, 18 U.S.C.A., he was brought before this Court, the Honorable Harry J. Lemley, since retired, presiding, for arraignment upon three indictments returned by a federal grand jury for the Southern District of Illinois, charging him with theft of mail matter and with uttering certain post office money orders, the endorsements on which had been forged. Petitioner was represented by counsel appointed by the Court, and after having been fully advised of his rights,

entered pleas of guilty to all three indictments. On the following day he was sentenced to five years on each indictment, the sentences to run concurrently, and it was expressly stipulated that his federal sentences should begin to run "at the expiration of the sentence said defendant is now serving in the Arkansas State Penitentiary". After the sentences had been imposed, petitioner was returned to the Arkansas penitentiary to complete the service of his sentence there. He was released from that institution on December 10, 1955.

On the date that he was sentenced by Judge Lemley, petitioner was wanted in the State of Indiana as a parole violator, and a detainer had been lodged at the Arkansas State Penitentiary by the State of Indiana. When petitioner was released from the Arkansas penitentiary, he was turned over to the Indiana authorities, rather than to Federal authority. The Marshal for this district then lodged a detainer against him at the Indiana penitentiary; however, prior to the lodging of the federal detainer just mentioned, the State of Wisconsin had placed a detainer with the Indiana State Reformatory, and when petitioner completed his Indiana sentence, he was turned over to Wisconsin State Penitentiary where he was confined to serve concurrent sentences of from one to three years for larceny and forgery. The Government placed a detainer against him at the institution last mentioned, and he was finally turned over to the federal authorities to serve the sentences of this court on May 2, 1958.

Prior to his release from the Wisconsin penitentiary petitioner filed a petition in this court seeking relief from the judgments in question. Judge Lemley treated said petition as being in the nature of a petition for a writ of error coram nobis and after full consideration

of the case as it then stood, denied the same. United States v. Baker, D.C.Ark., 158 F.Supp. 842.[1]

After petitioner was finally delivered into federal custody, he sought habeas corpus relief in federal court in Wisconsin. Judge Tehan, who heard the petition, appointed counsel to represent petitioner, but concluded that he could grant no relief and denied the petition; it is also understood that petitioner has applied unsuccessfully for similar relief in federal court in Kansas.

The petition in hand, which was filed by the same attorney who represented the petitioner in the proceedings in Wisconsin, asserts that "although this * * Court sentenced said Petitioner to three five-year terms to run concurrently and to commence upon his release from the Arkansas State Penitentiary to-wit: December 10, 1955, which is more than thirty-six months past, Petitioner has been denied consideration for parole or conditional release which, in the normal course of events, he would have been granted but for an erroneous interpretation put upon the clearly expressed intent of this * * * Court with regard to the commencement of the sentences passed by this Court on June 14, 1955." It is stated that the purpose of the motion is to correct or clarify the judgment of this court, and that petitioner is "presently * * * in Federal custody as the result of this erroneous interpretation of this * * * Court sentence."

In other words, as we understand it, the petitioner takes the position that his federal sentence actually began to run when he was released from the Arkansas penitentiary; on the ,other hand, the Government contends that the federal sentence did not begin to run until petitioner was actually taken into federal custody on May 2, 1958.

1. Judge Lemley's opinion contains a full history of the proceedings leading up to petitioner's arraignment and those in connection with his arraignment and sentences. Much of the foregoing statement of the case is based upon that opinion, and upon the record that was before the court when petitioner's former petition was decided.

653

The Government's position, just outlined, obviously is based upon 18 U.S. C.A. § 3568, which reads as follows: [2]

"The sentence of imprisonment of any person convicted of an offense in a court of the United States shall commence to run from the date on which such person is received at the penitentiary, reformatory, or jail for service of said sentence.

"If any such person shall be committed to a jail or other place of detention to wait transportation to the place at which his sentence is to be served, his sentence shall commence to run from the date on which he is received at such jail or other place of detention.

"No sentence shall prescribe any other method of computing the term."

■ Assuming *arguendo* that the position of the Government does not square with the intention of the sentencing court, it does not necessarily follow that this court can grant relief. The powers of federal courts with respect to sentences imposed by them are not plenary, but are defined and limited by the controlling statutes and rules of criminal procedure. Section 2255 of Title 28 U.S. C.A., under which this petition is brought, provides that: "A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." Rule 35 of the Rules of Criminal Procedure provides that the sentencing court may "correct an illegal sentence at any time", and that, "The court

may reduce a sentence within 60 days after the sentence is imposed, or within 60 days after receipt by the court of a mandate issued upon affirmance of the judgment or dismissal of the appeal, or within 60 days after receipt of an order of the Supreme Court denying an application for a writ of certiorari". Beyond the scope of that statute and of that Rule the court is not at liberty to go.

■ It is not contended with respect to the sentences imposed by Judge Lemley that the court was without jurisdiction, or that the sentences were in excess of the maximum authorized by law, or that they are "otherwise subject to collateral attack". Moreover, since far more than 60 days have elapsed since the imposition of sentence, it may not now be reduced under the provisions of Rule 35, supra. Hence, the only basis upon which this court now could afford petitioner any relief would be that of illegality in the sentence.

■ But, petitioner's difficulty here is that there was no illegality in the sentence; it was perfectly legal and valid. It is well established that neither 18 U.S. C.A. (present edition), Section 3568, nor its predecessor, 18 U.S.C.A. (former edition), Section 709a, deprived the courts of the power to impose consecutive or cumulative sentences. Sherman v. United States, 9 Cir., 241 F.2d 329, 336, and Ellerbrake v. King, 8 Cir., 116 F.2d 168, 170, and cases there cited. And it has been specifically recognized that a federal sentence made to begin upon the expiration of a State sentence is valid. McIntosh v. Looney, 10 Cir., 249 F.2d 62, certiorari denied 355 U.S. 935, 78 S.Ct. 418, 2 L.Ed.2d 417; United States ex rel. Lombardo v. McDonnell, 7 Cir., 153 F.2d 919, certiorari denied 328 U.S. 872, 66 S.Ct. 1365, 90 L.Ed. 1641; Hayden v. Warden U. S. Penitentiary, etc., 9 Cir., 124 F.2d 514; Mitchell v. Shank, D.C. Ky., 105 F.Supp. 274; and Harrell v. Shuttleworth, D.C.Fla., 101 F.Supp. 408, affirmed 5 Cir., 200 F.2d 490.[3]

---

2. The Government's response makes no express reference to the statute.

3. As a matter of fact, had Judge Lemley said nothing about when the federal

That Judge Lemley did not consider the sentences imposed by him to be illegal is made clear by the following language from his opinion in connection with the former petition that has been mentioned:

"In his original petition the defendant alleges that the Government is 'holding sentence against me unconstitutionally'; that the alleged acts and conduct of federal authorities in refusing to take custody of him upon his release from the Arkansas penitentiary and again upon his release from the Indiana State Reformatory were illegal; that the Government has 'refused to begin sentence' as directed by this Court; that the Government 'has refused to grant parole application and the mandatory time, one third of given sentence, has expired' * * *.

"Before setting forth the remaining allegation of the original petition, and without stopping now to go into the Government's response to the allegations already abstracted, we will state that if those allegations were all that the petition contained, that pleading would be subject to dismissal as failing to raise any substantial questions bearing upon the validity of our judgments and sentences. This is not a habeas corpus proceeding, and we are not concerned with the legality of petitioner's present confinement in Wisconsin, or with his previous confinements in Indiana and Arkansas, * * * and we have no jurisdiction with respect to parole. Moreover, even if it be assumed for purposes of argument that the failure of the Government to take physical custody of petitioner upon his release from the Arkansas penitentiary, and later upon his release from the Indiana State Reformatory, was in some way illegal, still such [il] legality would in no wise affect the

validity of our judgments." United States v. Baker, supra, 158 F.Supp. at pages 845–846.

▉ That the situation in which petitioner now finds himself may not have been intended or contemplated by Judge Lemley, is not from a legal standpoint a controlling factor. Thus, in Mitchell v. Shank, supra, the defendant was sentenced to the Tennessee state penitentiary for a term of three years for housebreaking. Two days later he was brought before a federal court and sentenced to fifteen years to "run consecutively with" his three-year State sentence. For some reason the Government failed to file a detainer with the Tennessee authorities, and upon the expiration of his State sentence the defendant was released. A few months later he was again apprehended in Tennessee and sentenced to a term of four years and one day. After serving the maximum of that sentence, he was taken into federal custody to begin the service of the fifteen-year sentence. In a petition for habeas corpus the defendant alleged, among other things, that:

"He believes that at the time of sentencing, the Honorable Leslie R. Darr had no intentions that the sentence should be extended to cover a period of years before taking effect. It is believed he intended the original sentence to take effect immediately upon your petitioners release from prison December 2, 1948. It is plain to be seen that the intentions of the Honorable Judge was not carried out". (105 F.Supp. at page 275).

In dismissing the petition the Court, after citing a number of authorities, including Vanover v. Cox and Harrell v. Shuttleworth, both supra, said: "In view of the wording of the statute and on the basis of the authorities herein cited, it is obvious that no sentence against the petitioner in so far as the judgment in the

sentence should begin, it would have commenced upon petitioner's being surrendered into federal custody after completion of his State sentence. Hayward v. Looney, 10 Cir., 246 F.2d 56; Vanover v. Cox, 8 Cir., 136 F.2d 442.

**656**

District Court of the United States for the Federal offense was concerned could begin to run until he was taken into custody by the Federal officers for commitment to the institution in which he is now held. Neither the intervening period, the lack of a detainer, nor the alleged intention of the sentencing judge could have any effect upon the time of commencement of the sentence." (105 F. Supp. at page 276).

A similar situation was presented in Harrell v. Shuttleworth, supra. There the defendant was sentenced in a Florida court to a term of six years on September 6, 1943. On October 1, 1945, a federal court sentenced him to two years. On May 29, 1946, the Florida court sentenced him to an additional term of six years, and it was held that his federal sentence did not begin to run until he was released at the expiration of the second sentence imposed upon him by the State court.

■ What actually happened in the case at Bar was that petitioner's commencement of the service of his federal sentence was tolled by the fact that he was turned over by the Arkansas authorities to those of Indiana, and, in turn, by the latter authorities to those of Wisconsin, and that the proviso in the sentence as to when it should commence was rendered inoperative by those events, which were entirely beyond the control of the sentencing court. But neither the tolling of the commencement of the sentence, nor the fact that the proviso was fortuitously rendered inoperative affected the validity of the former, which is the only thing with which we are concerned at the present time. See, in addition to the cases above cited, Rohr v. Hudspeth, 10 Cir., 105 F.2d 747, and cf. Miller v. Zerbst, D.C.Ga., 21 F.Supp. 1015.

■ While we are persuaded that there is no relief that this court can grant petitioner, we are not without sympathy for him in his predicament. In the first place, under the provisions of 18 U.S.C.A. § 4082, the Attorney General could have made an ad hoc designa-

tion of the Indiana State Reformatory and the Wisconsin State Penitentiary as places for petitioner's confinement under his federal sentence. Had this been done, and we are informed that such designations are frequently and perhaps usually made, petitioner would have received credit on his federal sentences in strict accord with the terms theref. Secondly, and of equal importance, there is the consideration that where a vaild sentence is imposed upon a prisoner, the Government, as well as the prisoner, should be bound by its terms, and should be required to do what it can to see that the sentence is carried out as imposed. In this connection, we desire to call attention to the language of the Court in Smith v. Swope, 9 Cir., 91 F.2d 260, 262:

> "* * * If a ministerial officer, such as a marshal, charged with the duty to execute the court's orders, fails to carry out such orders, that failure cannot be charged up against the prisoner. The prisoner is entitled to serve his time promptly if such is the judgment imposed, and he must be deemed to be serving it from the date he is ordered to serve it and is in custody of the marshal under the commitment, if, without his fault, the marshall neglects to place him in the proper custody. Any other holding would give the marshal, a ministerial officer, power more arbitrary and capricious than any known in the law. A prisoner sentenced for one year might thus be required to wait forty under the shadow of his unserved sentence before it pleases the marshal to incarcerate him. Such authority is not even granted to courts of justice, let alone their ministerial officers. * * *"

Here, the directive was clear that petitioner's federal sentence should begin with the expiration of his Arkansas sentence, and that directive could have been carried out. Although the petitioner may have no legal recourse, and he certainly has none in this court, the circumstances of his case may well commend

him for some degree of executive clemency.

In view of what has been said, it is by the Court considered, ordered and adjudged that the petition under consideration be, and the same hereby is, denied. It is further ordered, however, that petitioner be, and he hereby is, granted leave to appeal from this order in forma pauperis upon his filing in due time a notice of appeal and an appropriate affidavit. His present attorney, who lives in a distant State, is relieved from further duties in this case, with the thanks of the Court; if the Petitioner desires to appeal and desires counsel, he may apply to this court or to the Court of Appeals for the appointment of another attorney.