Orie Floyd **BAKER**, Appellant,

v.

**UNITED STATES of America**, Appellee.

No. 16193.

United States Court of Appeals Eighth Circuit.

Oct. 27, 1959.

George D. Wagstaff, Topeka, Kan., for appellant.

Milton D. Bowers, Asst. U. S. Atty., Little Rock, Ark. (Osro Cobb, U. S. Atty., Little Rock, Ark., was with him on the brief), for appellee.

Before GARDNER and VOGEL, Circuit Judges, and MICKELSON, District Judge.

VOGEL, Circuit Judge.

This is an appeal from the United States District Court for the Eastern District of Arkansas arising out of the denial of appellant's motion to correct or clarify sentence brought under § 2255 of 28 U.S.C.A. Appellant in June of 1955 pleaded guilty before Judge Lemley in the District Court for the Eastern District of Arkansas to three indictments charging mail theft, uttering post office money orders, and forging an endorsement to a United States Treasury check. At the time of trial, appellant was serving a two-year sentence in the state penitentiary of Arkansas for similar offenses. Further, there was at that time on file with the superintendent of the Arkansas penitentiary a detainer lodged against the appellant on March 12, 1954, by the State of Indiana requiring his return there upon completion of his Arkansas imprisonment for confinement as a parole violator. Both of these facts were made known to Judge Lemley by appellant's counsel prior to sentencing. The appellant was thereupon sentenced on each count as follows:

"  *   *   * it is the judgment and sentence of the Court that you be committed to the custody of the Attorney General, to be confined in an institution to be designated by him for a period of five years, *to begin at the expiration of your sentence that you are now serving in the Arkansas State Penitentiary.*" (Emphasis supplied.)

All three sentences were made to run concurrently with one another, but no mention was made, expressly, as to whether or not they were to run concurrently with the pending Indiana confinement. Appellant was then returned to the Arkansas penitentiary to complete service of the state sentence and a detainer was filed there by the federal authorities.

In December of 1955 appellant was released from the Arkansas penitentiary and turned over to the Indiana authorities. At that time, the United States Marshal lodged at the Indiana State Reformatory a detainer against the appellant. In January of 1957 appellant was released from the Indiana reformatory and taken into custody by the State of Wisconsin pursuant to a detainer filed by it in Arkansas on March 24, 1954, and in Indiana while appellant was in custody there. There is nothing in the record to indicate that Judge Lemley was also aware of this Wisconsin detainer at the time of sentencing. Appellant was subsequently sentenced by the Municipal Court of Kenosha County, Wisconsin, to serve two concurrent terms from one to three years for larceny and forgery. On May 1, 1958, appellant was paroled from the Wisconsin State Penitentiary and turned over to federal officials and is presently confined in the Federal Penitentiary in Leavenworth, Kansas, which had been designated by the Attorney General as the place for service of appellant's sentence in accordance with his powers under § 4082 of 18 U.S.C.A.

Appellant's motion contends that Judge Lemley intended and his literal language directed that appellant's sentence should begin to run in December of 1955 and that, consequently, he is now eligible for parole save for an erroneous interpretation of the sentence by the government. The appellee responds that relief is available under § 2255 only if the confinement was imposed in violation of the law and that Judge Lemley's sentence was in conformity with all relevant statutes. Further, it is asserted that similar grounds are the only basis for relief under Rule

35 of the Federal Rules of Criminal Procedure, 18 U.S.C.A. Finally, appellee points out that under 18 U.S.C.A. § 3568, which provides that:

"The sentence of imprisonment of any person convicted of an offense in a court of the United States shall commence to run from the date on which such person is received at the penitentiary, reformatory, or jail for service of said sentence",

appellant's sentence could begin to run at no time other than when he was actually taken into federal custody in 1958, regardless of any contrary intent of Judge Lemley.

Judge Henley, writing for the court below (Judge Lemley has since retired), upheld the government's position and denied appellant's motion. United States v. Baker, D.C.E.D.Ark.1959, 170 F.Supp. 651.

Section 2255 provides, inter alia, as follows:

"A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence."

■ We conclude that the District Court was correct in denying appellant's motion for, even assuming, but without deciding, the correctness of appellant's contentions that his claim of eligibility for parole qualifies him as one "claiming the right to be released", that Judge Lemley intended the pronounced sentence to run concurrently with the Indiana and any other subsequent state confinements, and that such concurrency is permitted under § 3568 of 18 U.S.C.A., he has not established grounds for relief under §

2255. Writing in support of the result below, Judge Henley explained:

"It is not contended with respect to the sentences imposed by Judge Lemley that the court was without jurisdiction, or that the sentences were in excess of the maximum authorized by law, or that they are 'otherwise subject to collateral attack'. * * * Petitioner's difficulty here is that there was no illegality in the sentence; it was perfectly legal and valid." United States v. Baker, supra, 170 F.Supp. at page 654.

■ Moreover, construing appellant's petition as one for relief under Rule 35 of the Federal Rules of Criminal Procedure, as this court is free to do under United States v. Morgan, 1953, 346 U.S. 502, 74 S.Ct. 247, 98 L.Ed. 248, and Duggins v. United States, 6 Cir., 1957, 240 F.2d 479, 483, we reach no different conclusion. Rule 35, referring to the correction of administrative provisions of sentences, rather than to the modification of their underlying convictions, Duggins v. United States, supra; Cook v. United States, 1 Cir., 1949, 171 F.2d 567, states that, "The court may correct an illegal sentence at any time." Thus, it, too, requires the unlawfulness that Judge Henley expressly and correctly found absent here.

In view of appellant's predicament, we concur in Judge Henley's suggestion that:

"Although the petitioner may have no legal recourse, * * * the circumstances of his case may well commend him for some degree of executive clemency." United States v. Baker, supra, 170 F.Supp. at pages 656–657.

See, Egan v. United States, 8 Cir., 1959, 268 F.2d 820, 824. If appellant nevertheless persists in his contentions and chooses to continue to seek judicial relief, he may litigate his position by habeas corpus proceedings in the district in which he is presently confined.

Affirmed.