J. C. TAYLOR, Warden, United States Penitentiary, Leavenworth, Kansas, Appellant,

v.

Orie Floyd BAKER, Appellee.

No. 6362.

United States Court of Appeals Tenth Circuit.

Oct. 19, 1960.

Rehearing Denied Nov. 10, 1960.

David Rubin, Washington, D. C. (Joseph M. F. Ryan, Jr., Acting Asst. Atty. Gen., Wilbur G. Leonard, U. S. Atty., Topeka, Kan., Harold H. Greene and Gerald P. Choppin, Attorneys, Department of Justice, Washington, D. C., on the brief), for appellant.

Robert F. Meersman and Robert F. Moore, Mount Prospect, Ill., for appellee.

Before MURRAH, Chief Judge, and BRATTON and PICKETT, Circuit Judges.

BRATTON, Circuit Judge.

This proceeding in habeas corpus was instituted in the United States Court for Kansas by Orie Floyd Baker, hereinafter referred to as petitioner, to effectuate his discharge from further confinement in the federal penitentiary at Leavenworth, Kansas. And the crucial question upon which the case turns is whether service of three sentences imposed upon petitioner by the United States Court for Eastern Arkansas began at the time he was released from the state penitentiary in Arkansas or at the time he was paroled from the state prison in Wisconsin and delivered to the federal authorities for service of the federal sentences.

The facts constituting the background of the case were stated in detail in United States v. Baker, D.C., 158 F.Supp. 842; United States v. Baker, D.C., 170 F.Supp. 651; and Baker v. United States, 8 Cir., 271 F.2d 190, 191. But for present purposes it is enough to say that the

case has its genesis in these facts. Petitioner entered pleas of guilty in three cases pending in the United States Court for Eastern Arkansas and was sentenced to a term of five years in each case, with provision that the sentences should run concurrently with each other. At the time these sentences were imposed, petitioner was serving a term in the penitentiary in Arkansas. The sentences imposed in the United States Court each provided that it should "begin at the expiration of [the] sentence [said defendant is] now serving in the Arkansas State Penitentiary * * *." After imposition of these sentences, petitioner was returned to the state penitentiary in Arkansas to complete the service of his sentence there. Upon completion of that sentence, he was released to the custody of authorities of Indiana and was returned to that state for completion of a sentence in the state reformatory there. When petitioner completed his sentence in Indiana, he was turned over to authorities of Wisconsin for service of sentences in the penitentiary of that state. And he was finally delivered to the federal authorities for service of the sentences imposed upon him by the United States Court for Eastern Arkansas. If service of the sentences which the United States Court imposed upon petitioner began at the time he completed his sentence in the penitentiary of Arkansas, and if he were credited with the maximum statutory time for good behavior, he was eligible for conditional release prior to the time of the filing of this action in habeas corpus. On the other hand, if such sentences were computed from the time petitioner was delivered to the federal authorities for their service, he was not eligible for conditional release. Expressing the view that service of the three sentences which petitioner received in the United States Court for Eastern Arkansas began at the expiration of the sentence served in the penitentiary of Arkansas, the court granted the writ of habeas corpus and ordered petitioner discharged. The warden appealed.

The time at which a sentence in a criminal case shall begin to run is the subject matter of 18 U.S.C. § 3568. The statute provides:

"The sentence of imprisonment of any person convicted of an offense in a court of the United States shall commence to run from the date on which such person is received at the penitentiary, reformatory, or jail for service of said sentence. If any such person shall be committed to a jail or other place of detention to wait transportation to the place at which his sentence is to be served, his sentence shall commence to run from the date on which he is received at such jail or other place of detention. No sentence shall prescribe any other method of computing. the term."

And the statute has been considered with care in this court and elsewhere. In Rohr v. Hudspeth, 10 Cir., 105 F.2d 747, 780, petitioner had been in custody for an alleged violation of state law. While in such custody, he was produced in the United States Court; he pleaded guilty; and he was sentenced to imprisonment for a term of five years "from this date" in the penitentiary. Slightly more than a month later, he was tried on the state charge. The jury was unable to agree; at a later date the case was removed from the docket; and petitioner was turned over to the Marshal for delivery to the penitentiary for service of the five-year sentence. It was the contention of the petitioner that since the sentence expressly provided that it was to run from its date, it began to run on that date rather than on the date he was delivered to the Marshal. Predicating its conclusion upon the command of the statute, this court rejected the contention and held that the sentence did not begin to run until the date on which petitioner was delivered to the Marshal. In McIntosh v. Looney, 10 Cir., 249 F.2d 62, 63, certiorari denied 355 U.S. 935, 78 S.Ct. 418, 2 L.Ed.2d 417, petitioner had been confined in a county jail in Missouri serving a sentence of six months for a violation of state law. While so confined, he was produced in the United States Court for the imposition of sentence for a violation of federal law.

A sentence of five years imprisonment was imposed to "begin to run upon expiration of the sentence of imprisonment imposed by the state court and now being served." While continuing to serve the sentence of six months in jail, petitioner assaulted a jailer; was indicted; pleaded guilty; and was sentenced to imprisonment for a term of five years, with provision in the sentence that it should "begin at the expiration of a sentence in the Green County, Missouri, jail." On the expiration of the six-month term in jail, petitioner was removed to the state penitentiary where he was imprisoned pursuant to the sentence upon the charge of assaulting the jailer. Upon release from the state penitentiary, he was surrendered to federal authority for service of the sentence imposed upon him by the United States Court. It was the contention of petitioner that the five-year sentence imposed upon him by the United States Court began to run at the expiration of a six-month sentence served in the county jail. Again citing the statute, supra, this court held that under its command the sentence imposed upon petitioner by the United States Court did not begin to run at the expiration of the sentence of six months in the county jail; and that instead, it began to run at the same time he was actually delivered to federal authority for imprisonment. The case of Harrell v. Shuttleworth, 5 Cir., 200 F.2d 490, was quite similar. There, petitioner had been confined in the state penitentiary of Florida for service of a sentence of six years. While serving such sentence, he was produced in the United States Court where he pleaded guilty to a criminal charge and was sentenced to imprisonment for a term of two years "to begin at expiration of sentence defendant is now serving in the Florida State Prison." Petitioner was returned to the state prison where he continued to serve the six-year term in that institution. Thereafter, while still serving such sentence, he assaulted a person. A criminal charge was filed against him in the state court; he pleaded guilty thereto; and he was committed to the state penitentiary for a term of six years. When petitioner completed service of the first sentence in the state penitentiary, he remained there to serve the second commitment to that institution. When petitioner was released from the state penitentiary, he was taken into custody for service of the federal sentence. He contended that by the express terms of the federal sentence, it began to run at the expiration of the first sentence to the state penitentiary, rather than at the time he was actually delivered to federal authorities. The court found itself unable to share that view. Citing the statute, supra, it was held that the sentence imposed by the United States Court began to run at the time petitioner was actually taken into custody for its service, not at the conclusion of the first sentence served in the state penitentiary. And in Gardner v. United States, 5 Cir., 274 F.2d 380, a like question was presented in fairly comparable circumstances. There, while petitioner was serving a term of imprisonment in the state penitentiary, he was convicted in the United States Court and was sentenced to imprisonment for one year "to begin at the completion of service of sentence now being served in the South Carolina penitentiary." While still in the state penitentiary, petitioner twice attempted to escape; was convicted; and was given two sentences of six months each to run consecutively. He served his time for the sentence he was under at the time he was convicted in the United States Court, and he also served the two sentences of six months each. He was then taken into custody for service of the sentence which the United States Court imposed upon him. He contended that the federal sentence began to run at the expiration of the first sentence in the state penitentiary; that more than a year had expired since he completed service of the first sentence in the state penitentiary; that, therefore, the term of his federal sentence had expired; and that accordingly, he was entitled to be discharged. Citing the statute, supra; citing McIntosh v. Looney, supra; and citing Harrell v. Shuttle-

**46**

worth, supra, it was held in effect that the federal sentence began to run at the time petitioner was taken into custody for service thereof. When the question is viewed in the light of the mandate contained in the statute, and in the light of the unanimity of conclusion reached in the cases to which reference has been made, we think it is clear that the sentence imposed upon petitioner by the United States Court in Arkansas began to run at the time he was actually delivered into federal custody for service of such sentence rather than at the completion of service of the sentence in the penitentiary of Arkansas.

The judgment is reversed and the cause is remanded with directions to deny the petition for a writ of habeas corpus and restore petitioner to the custody of the warden.