UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

WA'IL MANSUR MUHANNAD, also
known as Anthony L. Austin,

        Petitioner-Appellant,

v.

PAGE TRUE, Warden, United States
Penitentiary, Leavenworth, Kansas,

        Respondent-Appellee.

No. 99-3077

ORDER
Filed March 31, 2000

Before **EBEL** , **LUCERO** , and **MURPHY** , Circuit Judges.

This matter comes before the court on appellant's motion to stay the
mandate pending filing of a petition for a writ of certiorari with the United States
Supreme Court and on appellant's petition for rehearing with suggestion for
rehearing en banc. Because the mandate was issued on February 28, 2000, we
construe appellant's motion to stay the mandate as one to recall and stay the
mandate. Appellant has not made a sufficient showing either to recall or to stay
the mandate. Accordingly, his motion to stay the mandate is denied.

In his petition for rehearing, appellant contends that the order and judgment entered in this case on February 28, 2000, erroneously stated that appellant pleaded guilty to certain state and federal charges when, in fact, he was found guilty of those charges after trial. Appellant also contends that the order and judgment erroneously stated that he remained in the custody of the State of Nebraska until he was released to federal authorities in 1993. Appellant contends that Douglas County, Nebraska lodged a detainer against him and held him in its custody and, therefore, he was not held in the custody of a single sovereign prior to his release to federal authorities.

Upon review, the panel to which the case was originally submitted found some clerical errors in the order and judgment relating to whether appellant pleaded guilty to certain offenses. Accordingly, the hearing panel has revised the order and judgment issued February 28, 2000, to correct those clerical errors. A copy of the revised order and judgment is attached hereto.

The hearing panel finds no merit, however, in appellant's contention that he was held in the custody of two different sovereigns--the county and the state-- prior to his release to federal authorities. The record shows that appellant was brought from the state penitentiary to the Douglas County Jail by the Douglas County Sheriff's Office to stand trial on two state charges and that after he was convicted of those charges he was returned to the state penitentiary to serve those

-2-

state sentences. Thus, appellant was in custody on state charges until his release to federal authorities in 1993. Accordingly, the petition for rehearing is denied on the merits.

The petition having been denied on the merits by the panel to which the matter was submitted, the suggestion for rehearing en banc was transmitted to all the judges of the court in regular active service in accordance with Rule 35(b) of the Federal Rules of Appellate Procedure. No member of the hearing panel and no judge in regular active service on the court having requested that the court be polled on rehearing en banc, the suggestion for rehearing en banc is denied.

Entered for the Court

Patrick Fisher, Clerk of Court

By:
    Keith Nelson
    Deputy Clerk

F I L E D
United States Court of Appeals
Tenth Circuit

FEB 28 2000

PATRICK FISHER
Clerk

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

WA'IL MANSUR MUHANNAD, also
known as Anthony L. Austin,

Petitioner-Appellant,

v.

PAGE TRUE, Warden, United States
Penitentiary, Leavenworth, Kansas,

Respondent-Appellee.

No. 99-3077
(D.C. No. 95-CV-3425-RDR)
(D. Kan.)

ORDER AND JUDGMENT  *

Before **EBEL** , **LUCERO** , and **MURPHY** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal.   See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is

therefore ordered submitted without oral argument.

---

*     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Petitioner Wa'il Mansur Muhannad, proceeding pro se, appeals the district court's order denying his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241, seeking credit on the federal sentence he is currently serving for time he served in a Nebraska state prison on state convictions. We exercise jurisdiction under 28 U.S.C. § 1291. After a de novo review of the ruling denying habeas relief, see Patterson v. Knowles, 162 F.3d 574, 575 (10th Cir. 1998), we affirm.

A Nebraska state court sentenced petitioner to two consecutive terms in May and June of 1988. While he was serving the state sentence, in June of 1989, he was found guilty in a Nebraska federal court of making a false statement on an ATF form and of being an armed career criminal. The federal court sentenced him to five years on the first count, "to run consecutive to the sentence that the defendant is now serving as imposed by the State of Nebraska." Answer Br., Attach. 3 at 31. He was also sentenced to fifteen years on the second federal count, to be served consecutively to the five-year sentence imposed on the first count. Petitioner was then returned to Nebraska state authorities to complete service of his state sentence, and the United States Marshal Service lodged a detainer.

While serving his state sentence, however, petitioner was charged in state court with first and third degree assault. He was found guilty of first degree

-2-

assault and, on September 17, 1990, he was sentenced to a term of three years in the state prison on that charge. The state sentencing court directed that petitioner serve this three-year term before being released into federal custody. Petitioner pleaded guilty to the charge of third degree assault and was sentenced to a one-year term of incarceration, to run concurrently with the three-year term for first degree assault. The state lodged a detainer to hold petitioner upon his release from his first state sentence. He was paroled from his first state sentence on August 24, 1989, and then served the second concurrent state sentences before he was transferred to federal authorities to begin serving his federal sentence.

On appeal, petitioner asserts he is entitled to credit on his federal sentence for time he served after he completed his first state sentence because the federal sentencing court expressly stated that he should serve his federal sentence upon the completion of his first state sentence. He also maintains that the federal marshal's failure to take him into federal custody at the expiration of the first state sentence constitutes a waiver of federal jurisdiction, and he appeals the district court's rulings denying his requests for limited discovery and for appointment of counsel. The respondent claims this § 2241 petition is a successive or abusive petition because petitioner filed a similar § 2241 petition with the Nebraska federal sentencing court, which was denied. See Austin v. Vitek, 938 F.2d 185 (8th Cir. 1991) (table) (unpublished).

-3-

We first address respondent's claim that this is a successive or abusive petition. Both doctrines apply to this petition brought under § 2241 prior to the enactment of the Anti-Terrorism and Effective Death Penalty Act (AEDPA). See George v. Perrill, 62 F.3d 333, 334-35 (10th Cir. 1995) (decided pre-AEDPA). "When a prisoner files a second or subsequent application, the government bears the burden of pleading abuse of the writ. The government satisfies this burden if, with clarity and particularity, it notes petitioner's prior writ history, identifies the claims that appear for the first time, and alleges that petitioner has abused the writ." McCleskey v. Zant, 499 U.S. 467, 494 (1991). The government did not raise the defense of a successive or abusive petition until its appellate brief filed with this court. Therefore, respondent waived the defense. See Hannon v. Maschner, 981 F.2d 1142, 1146 (10th Cir. 1992).

We turn to the merits of petitioner's claims. Petitioner's case is subject to 18 U.S.C. § 3568, repealed by the Comprehensive Crime Control Act of 1984, Pub. L. 98-473, Title II, § 212(a)(2), 98 Stat. 1987, which provided that "[t]he sentence of imprisonment of any person convicted of an offense shall commence to run from the date on which such person is received at the penitentiary . . . for service of such sentence." 18 U.S.C. § 3568.

Petitioner is not entitled to credit on his federal sentence for time served on his second state sentence, notwithstanding the federal sentencing court's order.

-4-

See Taylor v. Baker , 284 F.2d 43, 44, 46 (10th Cir. 1960) (federal sentence was to "begin at the expiration of (the) sentence (said defendant is) now serving in the Arkansas State Penitentiary," but petitioner did not begin service of federal sentence until after serving sentences imposed by Arkansas, Indiana and Wisconsin; no credit on federal sentence for time served on intervening state sentences) (quotation omitted; alteration in original); McIntosh v. Looney , 249 F.2d 62, 63-64 (10th Cir. 1957) (even though federal sentence was "to begin to run upon the expiration of the sentence of imprisonment imposed by the state and now being served," petitioner not entitled to credit on federal sentence for service of intervening state sentence) (quotation omitted). After his federal sentencing, petitioner was returned to state custody, at the federal sentencing court's direction. Petitioner remained in the custody of the State of Nebraska, and thus, was in the "continuing jurisdiction and custody under a single sovereign authority," McIntosh , 249 F.2d at 64, until he was released to federal authorities. Therefore, pursuant to 18 U.S.C. § 3568, "the sentence imposed upon petitioner by the [federal court] began to run at the time he was actually delivered into federal custody for service of such sentence rather than at the completion of service of the sentence in the [state] penitentiary." Taylor , 284 F.2d at 46.

Petitioner attempts to distinguish his situation from that in McIntosh by pointing out that the federal sentencing court was aware that additional state

charges were pending against him in a Nebraska state court, whereas in McIntosh, the intervening state charges had not been filed at the time the federal sentence was imposed. Here, the federal sentencing court specifically stated that it had no knowledge of, and would not consider, additional charges that may have been pending against petitioner. See Answer Br., Attach. 3 at 30-31. Therefore, McIntosh is controlling.

Petitioner next claims that because the United States Marshal Service had an opportunity to take him into federal custody on August 24, 1989, and did not do so, it waived any right to custody. "The law of comity is such that the two sovereigns may decide between themselves which shall have custody of a convicted prisoner; however, the sovereign having prior jurisdiction need not waive its right to custody." Hernandez v. United States Attorney General, 689 F.2d 915, 919 (10th Cir. 1982); accord Hall v. Looney, 256 F.2d 59, 60 (10th Cir. 1958). Therefore, the federal marshal did not waive federal jurisdiction over petitioner by not taking him into federal custody at the conclusion of his first state sentence.

The authorities on which petitioner relies are inapposite. See White v. Pearlman, 42 F.2d 788, 789 (10th Cir. 1930) (federal prisoner who was released in error entitled to credit on sentence while free because interim freedom not caused by escape, parole or other fault of petitioner); Kiendra v. Hadden, 763

-6-

F.2d 69, 73 (2d Cir. 1985) (petitioner entitled to credit on federal sentence because state and federal sentencing courts intended that their sentences should run concurrently; intent thwarted by the federal marshal's failure to take custody). Here, petitioner was not set free in error and none of the sentencing courts intended their sentences to run concurrently with any other sentences.

Petitioner also complains that he did not receive credit from either the federal or the state authorities for the eight days between August 24, 1989, the day he was granted parole on his first state conviction, and September 1, 1989, the day he was received by state authorities to await prosecution on the second state charges. He relies on 18 U.S.C. § 3568's provision that a federal prisoner shall be given "credit toward service of his sentence for any days spent in custody in connection with the offense or acts for which sentence was imposed." (Emphasis added.) His continued custody was not exclusively due to the federal detainer, but was also due to the state detainer to which he was released. Therefore, the disputed eight days were not time served "in connection with" his federal offense. Cf. Bloomgren v. Belaski, 948 F.2d 688, 690 (10th Cir. 1991) (if continued state confinement was exclusively due to federal detainer, prisoner entitled to credit for time served while state detained him after he became eligible for release from state custody).

Petitioner's request for limited discovery was substantially granted by this court's order for respondent to supplement the record. Any materials not produced are irrelevant in light of our discussion above. The district court did not abuse its discretion in denying petitioner's request for appointment of counsel. See Long v. Shillinger , 927 F.2d 525, 527 (10th Cir. 1991). Petitioner's motion to file a supplemental reply brief is GRANTED.

The judgment of the United States District Court for the District of Kansas is AFFIRMED. The mandate shall issue forthwith.


Entered for the Court


David M. Ebel
Circuit Judge