F I L E D
United States Court of Appeals
Tenth Circuit

DEC 5 2003

PATRICK FISHER
Clerk

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

MICHAEL JACKSON POWELL,

      Petitioner-Appellant,

v.

J.W. BOOKER, JR., Warden, USP-
Leavenworth; FEDERAL BUREAU OF
PRISONS,

      Respondents-Appellees.

No. 03-3090

(D.C. No. 00-CV-3003-RDR)
(D. Kansas)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **BRISCOE**, and **LUCERO**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Petitioner Michael Jackson Powell, a federal prisoner appearing pro se, appeals the

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

district court's denial of his 28 U.S.C. § 2241 petition for habeas relief. We exercise jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253(a) and affirm.

Powell is currently serving an aggregate federal sentence of fourteen years. Ten years of that sentence was imposed in 1975 when Powell was convicted in federal court of kidnaping and interstate transportation of a stolen motor vehicle. The remaining four years were imposed in March 1977 as a result of Powell's conviction for escaping from a federal correctional facility. Following his escape from federal custody, he was arrested by Pennsylvania state authorities during the commission of an armed robbery. He was convicted in state court and sentenced to a term of 7-18 years for armed robbery and aggravated assault, and a term of 12-24 years for robbery and violation of the uniform firearms act. Although Powell was paroled by the Pennsylvania Board of Probation and Parole (PBPP) from the 7-18-year sentence in February 1984, he remained in the custody of the Pennsylvania Department of Corrections (PDOC) serving his 12-24-year sentence until his release to federal custody on January 14, 1999. Consequently, Powell did not begin serving the bulk of his federal sentence until January 1999.

In his § 2241 habeas petition, Powell asserted that he was entitled to credit on his aggregate federal sentence for the time he spent in Pennsylvania state custody from February 23, 1984, until his release to federal custody on January 14, 1999. In support of his assertion, Powell noted that immediately prior to parole from his first state sentence, the PBPP issued an order on January 3, 1984 stating: "Parole 2-23-84 to interlocking

2

federal detainer sentence only." ROA, Doc. 1, Attach. 13. Powell effectively asserted that, despite the PDOC having retained custody of him until January 1999, the PBPP's statement should be interpreted as meaning he was in federal custody at all times after February 23, 1984.

Reviewing the district court's denial of Powell's habeas petition de novo, see Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996), we agree that he is not entitled to federal habeas relief. Because Powell's federal offenses were committed prior to November 1, 1987, the issue of jail time credit on his federal sentences is governed by 18 U.S.C. § 3568 (repealed by the Comprehensive Crime Control Act of 1984, Pub. L. 98-473, Title II, § 212(a)(2), 98 Stat. 1987), which provided that "[t]he sentence of imprisonment of any person convicted of an offense shall commence to run from the date on which such person is received at the penitentiary . . . for service of such sentence." Notwithstanding the PBPP's order of January 3, 1984, there is no indication that the time Powell served in the custody of the PDOC from February 23, 1984, until January 1999 was "in connection with the offense or acts for which [his federal] sentence was imposed." Id. Indeed, the record indicates that Powell was serving the second of his state sentences. Thus, Powell is not entitled to credit on his aggregate federal sentence for that time. See Taylor v. Baker, 284 F.2d 43, 44-46 (10th Cir. 1960) (concluding petitioner not entitled to credit on aggregate federal sentence for time served on intervening state sentences even though federal sentence originally ordered to "begin at the expiration of

3

(the) sentence (said defendant is) now serving in the Arkansas State Penitentiary")
(internal quotations omitted); McIntosh v. Looney, 249 F.2d 62, 63-64 (10th Cir. 1957)
(concluding petitioner not entitled to credit on federal sentence for service of intervening
state sentence even though federal sentence was "to begin to run upon expiration of the
sentence of imprisonment imposed by the state court and now being served") (internal
quotations omitted).

We also reject, as did the district court, Powell's assertion that the Federal Bureau
of Prisons (BOP) abused its discretion in denying his request to designate nunc pro tunc
the Pennsylvania state institution where he served his second state sentence as the first
place of confinement for service of his federal aggregate sentence (which would have
effectively given him federal credit for the five years served in that institution).
According to the record, the BOP gave full and fair consideration to Powell's request
before denying it pursuant to Program Statement 5160.03. Program Statement 5160.03
requires the BOP to consider an inmate's request for concurrent service of his state and
federal sentences. ROA, Doc. 8, Ex. 11 at 4. Although the BOP is not obligated to grant
such a request, it may designate a non-federal institution for service of a federal sentence
when it would be consistent with the intent of the sentencing federal court or with the
goals of the criminal justice system. Id. at 2-3. Here, in considering Powell's request, the
BOP found no evidence that the federal or state courts where Powell was sentenced
intended that his federal and state sentences run concurrently. Further, the BOP

concluded that "it would not be in the best interest of justice [or] public policy" to grant Powell's request in light of his escape from federal custody and subsequent commission of state crimes.  ROA, Doc. 1, Ex. A.  These conclusions are amply supported by the record.

The judgment of the district court is AFFIRMED.  Powell's "Notice of Motion" seeking release pending appeal is DENIED as moot.  All other pending motions are DENIED.

Entered for the Court

Mary Beck Briscoe
Circuit Judge