## HUNTER, WARDEN, v. MARTIN.

No. 643.   Argued April 22, 1948.—Decided May 24, 1948.

*W. Marvin Smith* argued the cause for petitioner. With him on the brief were *Solicitor General Perlman, Assistant Attorney General Quinn, Robert S. Erdahl* and *Philip R. Monahan.*

*James F. Reilly* argued the cause and filed a brief for respondent.

MR. JUSTICE JACKSON delivered the opinion of the Court.

Petitioner is held prisoner in the United States Penitentiary at Leavenworth, Kansas.   He pleaded guilty to charges of forging and uttering United States Treasury checks.   He was sentenced to imprisonment for ten years on each count, to run concurrently, and the judgment provided that sentence should "begin to run at the expiration of the sentence now being served in the Missouri State

Penitentiary." Petitioner was returned to the Missouri authorities to resume the service of a state sentence of three years for automobile theft. On May 13, 1947, before expiration of such period, he was paroled by the State and delivered to the federal authorities, by whom he has since been held. He contends that the federal sentence does not begin until the full term of the State sentence has expired and that, for the period of parole, he is entitled to freedom. The issue as to whether such wording of a federal sentence entitles the prisoner under such circumstances to temporary freedom is one on which Circuit Courts of Appeals are in conflict. Compare *United States ex rel. Lombardo* v. *McDonnell,* 153 F. 2d 919; *Johnston* v. *Wright,* 137 F. 2d 914; *Kirk* v. *Squier,* 150 F. 2d 3; *Martin* v. *Hunter,* 165 F. 2d 215. We brought the case here on certiorari, 333 U. S. 854, to resolve the conflict.

We think it clear that the purpose of the clause deferring commencement of service of the federal sentence was to prevent conflict between the State and Federal Governments. The present federal imprisonment avoids such conflict and achieves that purpose. Missouri authorities have released petitioner from their custody and surrendered him for the apparent purpose of serving his federal sentence and have reserved control over him as a parolee only in event he is not kept in prison during the period of the federal sentence. For all practical purposes contemplated by the judgment, the State sentence has expired—at least insofar as it was an obstacle to service of the federal sentence.

To hold otherwise would mean that a man already finally adjudged guilty of a serious federal crime and sentenced to ten years imprisonment would be left at large and free of all restraint for an interlude between release from the state prison and commencement of the federal term. We do not think such a result is required

or intended under the statute, 18 U. S. C. § 709a,[1] or under the terms of the sentence as imposed.

The District Court, after full hearing, dismissed the writ of *habeas corpus* and remanded petitioner to custody to serve his sentence. We think this was a correct disposition of the matter. The Circuit Court of Appeals' decision to the contrary is error.

*Judgment reversed.*

---

[1] The Act of June 29, 1932, c. 310, § 1, 47 Stat. 381.