## UNITED STATES ex rel. MULROY. v. SLOAN, United States Marshal.

### No. 155.

United States District Court
W. D. Pennsylvania.

April 19, 1949.

Warren H. Van Kirk, of Pittsburgh, Pa., for John J. Mulroy.

W. Wendell Stanton, Asst. U. S. Atty., of Pittsburgh, Pa., for the United States.

McVICAR, District Judge.

The facts set forth in John J. Mulroy's petition for a writ of habeas corpus and admitted by the Government are as follows: In September, 1943, John J. Mulroy

was sentenced by the Court of Oyer and Terminer of Allegheny County, Pennsylvania, to undergo an imprisonment of not less than five years or more than ten years in the Western Penitentiary. The nature of the offense does not appear in the record and it is not material at this time. While a prisoner under this sentence, petitioner was sentenced by the District Court of the United States for the Western District of Pennsylvania at No. E–4257 Criminal, for the crime of unlawfully transporting a girl in interstate commerce for immoral purposes. This sentence reads: "Two (2) years in penitentiary; to begin at expiration of sentence defendant is now serving in the state court; * * *" He was also sentenced at the same time for the crime of conspiracy to violate the White Slavery Traffic Act, 18 U.S.C.A. §§ 2421–2424, at No. E–4255 Criminal. This sentence reads: "Two (2) years in penitentiary; to begin at expiration of sentence defendant is now serving in the state court; imprisonment to run concurrently with that imposed at E–4257; * * *"

The petitioner, after serving the minimum term imposed by the state court, was granted a parole by the Commonwealth of Pennsylvania subject to federal detainer, which began on March 29, 1949. Upon his release from the Western Penitentiary on parole, the petitioner was immediately seized by the United States Marshal for the Western District of Pennsylvania, who continues to hold him pursuant to the above-mentioned Federal sentences.

It is the petitioner's contention that he is being unlawfully restrained of his liberty because the federal sentences were not to commence until the expiration of his state sentence and the state sentence was not altered and has not expired by his being placed on parole.

This position cannot be sustained. The conflict in the Circuit Court decisions on this issue has recently been resolved by the Supreme Court of the United States in Hunter, Warden, v. Martin, 1948, 334 U.S. 302, 68 S.Ct. 1030. The Court held that a state prisoner sentenced by a Federal Court, sentence beginning "at the expiration of the sentence now being served in the [state prison]," who is paroled from the state prison before the expiration of the state sentence, must begin serving his federal sentence immediately, and is not entitled to temporary freedom pending expiration of the full term of the state sentence.

And now, the above-entitled cause came on for hearing, and after hearing and consideration thereof, it is ordered that the petition for a writ of habeas corpus be, and hereby is, denied.