**HUGHES v. HIATT, Warden.**

No. 12768.

United States Court of Appeals
Fifth Circuit.

May 30, 1949.

No appearance entered for appellant.

J. Ellis Mundy, U. S. Attorney, Harvey H. Tisinger, Asst. U. S. Attorney, Atlanta, Ga., for appellee.

Before SIBLEY, HOLMES, and McCORD, Circuit Judges.

PER CURIAM.

In a former application for habeas corpus in the same district court the appellant was granted a full hearing on evidence, where he was making the same contention as here, and the writ was denied. On appeal this Court affirmed without opinion. Hughes v. Hiatt, Warden, 5 Cir., 170 F.2d 74. The present application was denied without hearing evidence, after a rule nisi was issued, a response filed, and a traverse to the response made. The judge held that no substantial issue of fact was tendered, that the previous case was decided on the same facts; that the present petition presents no new ground, and that the ends of justice will not be served by further enquiry; and the application was dismissed under 28 U.S.C.A. § 2244.

The facts are simple. Hughes received federal sentences aggregating seven years and one day which he began to serve March 6, 1939. He was conditionally released, lacking 718 days good time allowances, and delivered to the authorities of the State of Tennessee on a detainer to serve a State sentence imposed before his federal imprisonment began. The record in the previous habeas corpus trial showed that Hughes was tendered for signature an agreement with the federal Parole Board to make his reports and observe his parole while in the State Penitentiary, but that he refused to sign, and made no reports of course, and on the way to the State Penitentiary committed the offense of escape April 16, 1944. The Parole Board issued a warrant as for a parole violator. He was captured and returned to the State institution, where he served till April 29, 1948, when he was returned under the federal warrant to the federal penitentiary to serve out the unexpired term of his federal sentences. There 150 days of his forfeited good time was restored, so that the modified sentence is to expire March 26, 1950. Hughes' contention is that under Hunter v. Martin, 334 U.S. 302, 68 S.Ct. 1030, 92 L.Ed. 1401, his stay in the State penitentiary must be counted as service also of the federal sentence, inasmuch as the federal authority had yielded him to the State authority under 18 U.S.C.A. § 4164. This would have been true had he consented, as he was asked to do, to maintain his federal parole, and had thereafter behaved himself. He not only declined to consent, but straightway violated the terms of his parole by escaping and becoming a fugitive. Thereafter he was in the hands of the State alone until returned by the State to the federal penitentiary. He entered the latter as a parole violator with all good time forfeited and bound to serve the remainder of his original sentence without credit for time out on parole, 18 U.S.C.A. § 4205, except for the 150 days which has since been restored to him. The service of about four years in the State Penitentiary for his State offense was no service of the federal sentences. Appellant is not unlawfully in custody. The district court could rightly deny another hearing. 28 U.S.C.A. § 2244.

Affirmed.