## HARRELL v. SHUTTLEWORTH.

No. 13986.

United States Court of Appeals
Fifth Circuit.

Dec. 10, 1952.

James A. Harrell, Jr., in pro. per.

Hayford O. Enwall, Asst. U. S. Atty., Gainesville, Fla., and George Earl Hoffman, U. S. Atty., Pensacola, Fla., for appellee.

Before BORAH, STRUM and RIVES, Circuit Judges.

RIVES, Circuit Judge.

This appeal is from an order of the District Judge denying appellant's petition for a writ of habeas corpus.

A Florida State Court on September 6, 1943 adjudged the appellant guilty of armed robbery and sentenced him to six years confinement in the Florida State Prison. On October 1, 1945, while serving that six year sentence, the appellant was produced before the United States District Court at Gainesville, Florida, where, after waiver of counsel, he pleaded guilty to a pending federal indictment charging him with a violation of the National Motor Vehicle Theft Act, now 18 U.S.C.A. § 2312. He was adjudged guilty and ordered "committed to the custody of the Attorney General or his authorized representative for imprisonment for the period of: two (2) years, *to begin at expiration of sentence defendant is now serving in the Florida State Prison.*" (Emphasis supplied.) This case turns upon the italicized portion of the sentence.

Appellant was promptly returned to the Florida State Prison where he continued to serve the six year sentence imposed by the State court on September 6, 1943. The United States Marshal lodged a detainer with the Florida Prison authorities. Subsequently, while serving that State sentence, the appellant committed another offense on April 28, 1946, when he assaulted one Gaspare Marretta with an iron bar. On May 15, 1946 a criminal information was filed against him by the State Attorney and on May 27, 1946, the appellant was arraigned on that further charge. He first entered a plea of not guilty, but two days later in open court withdrew his plea of not guilty and pleaded guilty to assault with intent to commit manslaughter, whereupon the State court adjudged him guilty and committed him to be confined in the Florida State Penitentiary for six years.

On November 25, 1949, the appellant completed service of the state sentence which he was serving at the time of his federal sentence. The appellant remained, however, in the Florida State Prison to serve out the sentence for the crime committed subsequently to his federal sentence and was released by the Florida Prison authorities on October 8, 1951, whereupon he was taken into custody by a Deputy United States Marshal and delivered to the Federal Correctional Institution at Tallahassee, Florida, for service of his federal sentence.

Appellant's primary contention is that by the express terms of his federal sentence it began at the expiration of the sentence the defendant was then serving in the Florida State Prison, which date proved to be November 25, 1949. The short answer to

that contention is that the sentence could not prescribe any method of computing the term other than that prescribed by 18 U.S. C.A. § 3568, copied in the margin.[1] See Zerbst v. McPike, 5 Cir., 97 F.2d 253; Strewl v. McGrath, 89 U.S.App.D.C. 183, 191 F.2d 347; Vanover v. Cox, 8 Cir., 136 F.2d 442; see also Ponzi v. Fessenden, 258 U.S. 254, 42 S.Ct. 309, 66 L.Ed. 607.

Appellant next contends that his return to the Florida State Prison was in effect a commitment to a place of detention to await transportation to the place at which his federal sentence was to be served within the meaning of said Section 3568. When appellant was taken back to the Florida State Prison, it was not to await transportation to the Federal Penitentiary, but to complete the service of his state sentence. That provision of Section 3568, therefore, does not apply. See Zerbst v. McPike, supra; Vanover v. Cox, supra.

Finally, it seems to be appellant's contention that his federal sentence should run concurrently with his last state sentence. In Mahoney v. Johnston, 9 Cir., 144 F.2d 663, the court considered a case where federal sentence was said to be concurrent with a state sentence. Assuming that that kind of sentence is permissible under 18 U.S.C.A. § 3568, it clearly was not intended in this case. The Federal Judge imposing the sentence could not have foreseen that the appellant would thereafter commit another criminal offense and receive another state sentence before he could enter upon the service of his federal sentence. The delay in entering upon the service of his federal sentence was occasioned by appellant's own act and he must bear the consequences.

The order of the District Judge denying the appellant's petition for a writ of habeas corpus was proper and it is affirmed.

Affirmed.

1. "3568. Effective date of sentence
"The sentence of imprisonment of any person convicted of an offense in a court of the United States shall commence to run from the date on which such person is received at the penitentiary, reformatory, or jail for service of said sentence.
"If any such person shall be committed to a jail or other place of detention to wait transportation to the place at which his sentence is to be served, his sentence shall commence to run from the date on which he is received at such jail or other place of detention.
"No sentence shall prescribe any other method of computing the term. June 25, 1948, c. 645, 62 Stat. 838."