William Earl GARDNER, Appellant,

v.

UNITED STATES of America, and/or Fred T. Wilkinson, Warden, United States Penitentiary, Atlanta, Georgia, Appellees.

No. 18057.

United States Court of Appeals
Fifth Circuit.

Feb. 2, 1960.

William Earl Gardner, in pro. per., for appellant.

Charles D. Read, Jr., U. S. Atty., E. Ralph Ivey, Asst. U. S. Atty., Atlanta, Ga., for appellees.

Before RIVES, Chief Judge, and JONES and BROWN, Circuit Judges.

PER CURIAM.

The appellant, while serving a term of imprisonment under a state court conviction, was convicted of a federal offense in the United States District Court for the Eastern District of South Carolina, and by that court he was sentenced to imprisonment for a year "to begin at the completion of service of sentence now being served in the South Carolina penitentiary." While in the South Carolina penitentiary he twice attempted to escape and for so doing he was given two sentences of six months each to run consecutively. The appellant served his time for the sentence he was under when convicted in the federal court and also served the two sentences of six months which had been subsequently imposed. He was taken to the Federal Penitentiary at Atlanta, Georgia, to serve out the sentence imposed by the federal court. He contends that a year has expired since he finished serving the state court sentence he was under at the time of his federal conviction. Therefore, he says, the term of his federal sentence has expired and he is entitled to his freedom. This claim he undertook to vindicate by bringing a habeas corpus proceeding in the Northern District of Georgia. The district court dismissed the petition and this appeal is from the order of dismissal.

The district court was of the opinion that the relief claimed by the appellant could be obtained, if at all, only

by a proceeding under 28 U.S.C.A. § 2255. Habeas corpus was not an available remedy, so the district court believed, and dismissed the petition. We are not in agreement with this view. The appellant does not assert that there was any error in the proceeding which culminated in the sentence of the federal court in South Carolina. He does not attack the sentence or ask to be relieved of any part of it. His claim is, simply stated, that the term of his sentence has expired and his further detention is unlawful. If his legal premise that the term of his imprisonment has come to an end is sound, we are of the belief that his demand for release is properly asserted in a habeas corpus proceeding.

Section 2255 is applicable in those cases where a prisoner in custody under the sentence of a federal court claims the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose the sentence, or that the sentence was excessive, or is otherwise subject to collateral attack. The appellant makes none of these claims. He makes no attack on his sentence but, accepting it, asserts that it has been served.

On the merits of the appellant's claim he must fail. The sentence given the appellant in the federal court is in the same form as that which this Court reviewed in Harrell v. Shuttleworth, 5 Cir., 1952, 200 F.2d 490. There the same contention was made in a habeas corpus proceeding as is here being made. There it was held that no method of computing the term could be prescribed other than is fixed by the statutory provision of 18 U.S.C.A. § 3568 that "The sentence of imprisonment of any person convicted of an offense in a court of the United States shall commence to run from the date on which such person is received at the penitentiary, reformatory, or jail for the service of said sentence." See also McIntosh v. Looney, 10 Cir., 1957, 249 F.2d 62, where Harrell v. Shuttleworth, supra, is cited with approval.

Although not in agreement with the correctness of the district court's ground for the dismissal of the appellant's petition, we do agree that, for another reason, the petition was properly dismissed. It follows that the judgment of the district court is

Affirmed.