UNITED STATES of America
v.
Largie Thomas AYSCUE.
No. 3709–CR.

United States District Court
E. D. North Carolina,
Fayetteville Division.

Oct. 12, 1960.

No appearance for the United States.
Largie Thomas Ayscue, pro se.

33.  Note 6, supra.

BUTLER, District Judge.

There has been filed in this court, under the provisions of 28 U.S.C. § 2255, a motion to vacate the sentence entered on September 23, 1955, in the United States District Court for the Eastern District of North Carolina, under which the movant, Largie Thomas Ayscue, is presently confined in the United States Penitentiary at Atlanta, Georgia.

The record shows that movant was arrested and taken into custody by state authorities, and held in the City Jail, Fayetteville, North Carolina. While he was being so held the United States Attorney applied for a writ of habeas corpus ad prosequendum requiring the City Jailer to bring movant before the United States District Court for trial. The application stated that movant would be returned to state custody after trial before the federal court. The writ was issued and under its terms movant was brought before the United States District Court, where, on September 23, 1955, he entered a plea of guilty to the offense of theft of personal property on a United States military reservation. He was sentenced to serve a term of five years, the sentence "to begin at expiration of sentence defendant is now serving under North Carolina state jurisdiction". Thereafter, the defendant was returned to the custody of the City Jailer, Fayetteville, North Carolina.

The movant alleges that at the time he was sentenced in the United States District Court he was not serving any sentence under North Carolina state jurisdiction, but that he was subsequently tried in the state courts on September 28, 1955, and again on October 6, 1955, and received sentences in the aggregate of six to ten years for violations of state law. He further alleges that at the conclusion of his term in the state prisons he was delivered to the United States Marshal, who, by authority of the judgment and commitment which issued out of the United States District Court on September 23, 1955, took movant to the United States Penitentiary at Atlanta, Georgia, to serve the five-year sentence.

It is the contention of the movant that the sentence of the United States District Court was illegal and should be vacated because of the provision that the sentence imposed was "to begin at expiration of sentence defendant is now serving under North Carolina state jurisdiction", when, in fact, he was not serving any state sentence but was held in jail by state authorities pending trial.

18 U.S.C. § 3568 reads as follows:

"The sentence of imprisonment of any person convicted of an offense in a court of the United States shall commence to run from the date on which such person is received at the penitentiary, reformatory, or jail for service of said sentence.

"If any such person shall be committed to a jail or other place of detention to wait transportation to the place at which his sentence is to be served, his sentence shall commence to run from the date on which he is received at such jail or other place of detention.

"No sentence shall prescribe any other method of computing the term."

The commencement date of every prison term as prescribed by 18 U.S.C. § 3568 is included by implication in every federal sentence, and any provision to the contrary is surplusage. Harrell v. Shuttleworth, 5 Cir., 1952, 200 F.2d 490. It is also recognized that, while the state which first arrests one accused of crime cannot without its consent be deprived of his custody until it is through with him, it may allow the federal government temporary custody in order to afford him a speedy trial without a complete surrender of the prior jurisdiction which the state has acquired. The prior right acquired by the first arrest continues unchanged until the arresting government has completed or relinquished the exercise of its powers. Zerbst v. McPike, 5 Cir., 1938, 97 F.2d 253.

Furthermore, when a state surrenders a prisoner to the federal govern-

ment for trial on a federal charge, and, upon conviction and sentence in the federal court the federal authorities surrender custody of the prisoner back to the state authorities for trial or imprisonment, the federal sentence does not start to run until the prisoner is returned to federal custody. Hayward v. Looney, 10 Cir., 1957, 246 F.2d 56.

A situation similar to the one here presented was found in Harrell v. Shuttleworth, D.C.N.D.Fla.1951, 101 F.Supp. 408; affirmed, 5 Cir., 1952, 200 F.2d 490. There the defendant was convicted on September 6, 1943, in a Florida state court and sentenced to six years in prison. Subsequently, he was indicted in federal court and produced by state authorities for trial. On October 1, 1945, he entered a plea of guilty and was sentenced to two years "to begin at the expiration of sentence defendant is now serving in the Florida State Prison". After sentencing he was returned to the state prison. While still in the state prison he committed another offense and on May 29, 1946, he was sentenced to serve six years to run concurrently with the earlier state sentence. The defendant completed the first state sentence on November 25, 1949, and the second one on October 8, 1951. He was not released by the state to the United States Marshal until October 8, 1951, but he contended that the federal sentence began running at the completion of the first state sentence because of the provision of the federal sentence that it was "to begin at the expiration of sentence defendant is now serving in the Florida State Prison". However, this language was held to be surplusage and ineffective in the face of 18 U.S.C. § 3568. See also United States v. Baker, D.C. Ark.1959, 170 F.Supp. 651; Gunton v. Squier, 9 Cir., 1950, 185 F.2d 470.

The movant further contends that the North Carolina state sentence was indeterminate and, therefore, the federal sentence is void because its commencement date is indefinite.

The United States Supreme Court in Hunter v. Martin, 1948, 334 U.S. 302, 68 S.Ct. 1030, 92 L.Ed. 1401

set at rest any conflict which may have earlier existed in this area. The Court held that the purpose of the clause deferring commencement of the federal sentence until the prisoner is received by federal authorities is intended to prevent conflict between state and federal governments. In other words, the commencement of a federal sentence is not required to wait until the absolute end of the state sentence, but only until the prisoner is released from state custody.

Therefore, the proviso deferring the commencement of the sentence in the instant case was rendered inoperative because it is repugnant to the statute, but the validity of the sentence was not impaired by this inoperative proviso. The movant began service of a valid federal sentence when delivered by North Carolina authorities to the United States Marshal.

An appropriate order will be entered denying the motion to vacate the sentence.