**UNITED STATES of America**

v.

**Roger WILLIAMS.**

**Crim. No. 13395.**

United States District Court
S. D. Texas,
Houston Division.

March 22, 1962.

William M. Schultz, Asst. U. S. Atty., Houston, Tex., for the Government.

A. D. Azios, Houston, Tex., for defendant.

HANNAY, District Judge.

Defendant made a motion for correction of a sentence entered by this Court in this cause on the 21st day of November, 1958.

It appearing from the record that the complained of sentence was subsequent to but did not substantially alter the sentence of this Court on the 13th day of November, 1958 in that the complained of sentence additionally designated only that service of sentence was "to begin when the defendant is delivered to the United States Marshal for service of this sentence."

And it further appearing that on the day subsequent to this Court's sentence of November 13, 1958, the Defendant was returned to the custody of the State of Texas from which he had been borrowed, was thereafter convicted in the Criminal District Court of Harris County, Texas, assessed a term of ten years in prison, and was taken by state authorities to the state penitentiary for service of said state sentence.

And it further appearing that commencement of the federal sentence of November 13, 1958, at no time was commenced under the provisions of 18 U.S. C.A. § 3568, either by delivery to the federal penal institution at which sentence is to be served or by return to jail after conviction for the purpose of awaiting transportation to the federal penitentiary.

THE COURT, therefore, finds and concludes:

1. That the sentence of November 13, 1958, is valid and legal in all respects.

2. That neither under the terms thereof nor by subsequent events did Defendant begin service of the sentence of November 13, 1958. 18 U.S.C.A. § 3568.

3. That the complained of sentence of November 21, 1958, designating that service of the federal sentence would commence "when the Defendant is delivered to the United States Marshal for service of this sentence," only confirmed the operation of 18 U.S.C.A. § 3568 and is in no way repugnant thereto.

4. That the separate trials of Defendant in state and federal courts at closely related times were warranted under established principles of comity, a right that inures to the sovereignties and not the accused. Ponzi v. Fessenden,

258 U.S. 254, 42 S.Ct. 309, 66 L.Ed. 607; Zerbst v. McPike, 5 Cir., 97 F.2d 253; Harrell v. Shuttleworth, 5 Cir., 200 F.2d 490; Strand v. Schmittroth, 9 Cir., 251 F.2d 590, 610; Hayward v. Looney, 10 Cir., 246 F.2d 56, 57; Porter v. United States, 5 Cir., 298 F.2d 789; United States v. Ayscue, D.C., 187 F.Supp. 946.

ACCORDINGLY, it is ordered that the Defendant's motion to correct the sentence by this Court of date the 21st of November, 1958 should be, and is hereby denied.

Clerk will notify Counsel.