**Roger WILLIAMS, Appellant,**

v.

**UNITED STATES of America,
Appellee.**

**No. 19897.**

United States Court of Appeals
Fifth Circuit.

Dec. 11, 1962.

A. D. Azios, Victor R. Blaine, Houston, Tex., for appellant.

William M. Schultz, Scott T. Cook, Asst. U. S. Attys., Houston, Tex., Woodrow Seals, U. S. Atty., for appellee.

Before HUTCHESON, CAMERON and JONES, Circuit Judges.

HUTCHESON, Circuit Judge.

This is an appeal from a judgment denying a Section 2255 motion after full consideration by the district judge. A reading of the record makes it plain that the district judge was right in denying the motion.

The claim made below and here is that the action of the district judge, in changing the wording of the original sentence without bringing the defendant before him invalidated the sentence. The original sentence entered on November 13, 1958, on defendant's plea of guilty, provided:

"The defendant is hereby committed to the custody of the Attorney General or his authorized representative for imprisonment for a pe-

riod of ten years and is hereby fined the sum of $25."

Thereafter, on November 21, 1958, the words of the sentence were changed to provide:

"The defendant is hereby committed to the custody of the Attorney General or his authorized representative for imprisonment for a period of ten years to begin when the defendant is delivered to the United States Marshal for service of this sentence."

Between the times of the entry of these two sentences defendant was sentenced in a state court of Texas on a state charge to serve ten years. It is the contention of the appellant that the rewording of the sentence effected the imposition of an additional sentence on him.

It is the contention of the United States that there was no change in the sentence, that while the first sentence did not, as the second one did, in terms provide that the sentence was to take effect when the defendant was delivered to the United States Marshal for imprisonment, as a matter of law there was no change in the sentence, certainly no increase of it, because the statute governing sentencing (18 U.S.C.A. § 3568) provides that all sentences are to take effect only when the defendant is delivered to the Marshal for commencement of service of his sentence.

The defendant's contention, therefore, that he began the service of his sentence on the 13th of November is without merit since under the statute he could not have so commenced service.

What gave rise to the situation, of which defendant complains, is that after the defendant had pleaded guilty and been sentenced on November 13th, he was taken to the State Court and there sentenced to serve a term of ten years, and he now complains that the district judge, in amending his sentence to commence after the service of the state sentence in effect increased the time to be served

in the penitentiary on his federal sentence

The situation and its result are correctly stated in the memorandum and order of the district judge.[1] The judgment is Affirmed.

1. United States v. Roger Williams, D.C., 203 F.Supp. 123.