Roger WILLIAMS

v.

UNITED STATES of America.

Civ. A. No. 63–H–553.

United States District Court
S. D. Texas,
Houston Division.

Dec. 16, 1963.

Roger Williams in pro. per.

Woodrow Seals, U. S. Atty., and James R. Gough, Asst. U. S. Atty., Houston, Tex., for respondent.

HANNAY, District Judge.

Motion to vacate sentence. Title 28 U.S.C.A. § 2255.

This is a successive application by Petitioner for the relief which he seeks. The prior motion for Section 2255 relief was fully considered by this Court and found to be unmeritorious. United States v. Williams, D.C., 203 F.Supp. 123. The judgment was affirmed in Williams v. United States, 5 Cir., 311 F.2d 68.

Petitioner again attacks the sentence of this Court of date November 21, 1958, which amended the wording but did not alter the terms of a prior sentence of November 13, 1958. As before, Petitioner relies ultimately upon the alleged fact, unsupported by the record, that he had legally begun service of the sentence of November 13, 1958. Commencement of a federal sentence is governed by Title 18 U.S.C.A. § 3568; and in the full consideration which Petitioner's claim has previously received, it is clear that commencement of the sentence of November 13, 1958, was not begun as he claims. Between November 13 and November 21 Petitioner, under state indictment and prior state custody at all material times, was convicted in the state district court, sentenced to state imprisonment, and committed to the state penitentiary in pursuance thereof.

The essential question which Petitioner raises here is not the legality of the sentence of November 21. It is when, in point of fact, did the sentence of November 13 commence? That question is governed by Title 18 U.S.C.A. § 3568:

"The sentence of imprisonment of any person convicted of an offense in a court of the United States shall commence to run from the date on which such person is received at the penitentiary, reformatory, or jail for service of said sentence.

"If any such person shall be committed to a jail or other place of

## 216

detention to wait transportation to the place at which his sentence is to be served, his sentence shall commence to run from the date on which he is received at such jail or other place of detention.

"No sentence shall prescribe any other method of computing the term."

The original sentence of November 13, 1958, provided:

"The defendant is hereby committed to the custody of the Attorney General or his authorized representative for imprisonment for a period of ten years and is hereby fined the sum of $25."

The wording of the sentence was changed on November 21, 1958, after the state court had exercised its previously acquired jurisdiction, to provide:

"The defendant is hereby committed to the custody of the Attorney General or his authorized representative for imprisonment for a period of ten years to begin when the defendant is delivered to the United States Marshal for service of this sentence."

■ It is quite clear, therefore, as this Court held on the prior petition for Section 2255 relief, and as it was affirmed by the Court of Appeals, that the wording of the sentence of November 21 neither altered the substance of the valid sentence of November 13 nor increased the punishment there assessed. The question of commencement of the federal sentence was at all times controlled by Section 3568. The operation of Section 3568 was at all times conditioned by the prior acquisition of state custody, the pendency of a state trial, and the fact that Petitioner was borrowed from the state authorities to be tried on the pending federal charge on which he plead guilty. As concluded before on the strength of the record, the federal sentence of November 13, 1958, was at no time commenced under the provisions of Title 18 U.S.C.A. § 3568, either by delivery to the federal penal institution at

which sentence was to be served or return to jail after conviction for the purpose of awaiting transportation to the federal penitentiary.

■ It is clear then that the merits of the present Petition have been heretofore adversely determined against Petitioner; the same grounds presented here were presented there; the ends of justice would not be served by a further and superfluous inquiry into them. Sanders v. United States, 373 U.S. 1, 83 S.Ct. 1068, 10 L.Ed.2d 148.

The Petition and files and records of the case conclusively show that the prisoner is entitled to no relief. Title 28 U.S.C.A. § 2255.

The Petition to vacate sentence is denied. This is and constitutes the final judgment in this case.

The Clerk will notify counsel.