Robert K. DOMER, Petitioner-Appellant,

v.

P. G. SMITH, Warden, United States Penitentiary at Terre Haute, Indiana, et al. (Related), Respondent-Appellee.

No. 17385.

United States Court of Appeals
Seventh Circuit.

June 30, 1969.

**200**

Robert K. Domer, in pro. per.

K. Edwin Applegate, U. S. Atty., Joel M. Friedman, Asst. U. S. Atty., Indianapolis, Ind., for appellee.

Before KILEY, SWYGERT and KERNER, Circuit Judges.

PER CURIAM.

This appeal from a judgment dismissing a habeas corpus petition presents the question whether petitioner is entitled to his freedom because of the uncertainty of the start of a federal sentence imposed upon him which was conditioned "to begin after defendant's release from the sentence imposed by the State of Ohio." We affirm on authority of Hunter v. Martin, 334 U.S. 302, 68 S. Ct. 1030, 92 L.Ed. 1401 (1948).

In April, 1966, petitioner on a plea of guilty to an Ohio offense was given an indeterminate sentence of two to forty years and was committed to the custody of an Ohio sheriff. He was immediately taken into custody by a United States marshal and brought to trial under a pending federal indictment to which he pleaded guilty and was sentenced to two consecutive five year terms conditioned to begin as quoted above. He was then returned to Ohio for imprisonment until his parole in December, 1967. He was again taken into custody by a United States marshal and lodged in the United States penitentiary at Terre Haute, Indiana to serve the federal sentence. The habeas corpus proceeding before us followed.

Petitioner contends that the federal sentence is invalid because of the uncertain condition attached to the sentence; and that since he was not finally released by Ohio, but merely paroled, his federal imprisonment denies him due process, is cruel and unusual punishment and imposes involuntary servitude in violation of his Fifth, Eighth, and Thirteenth Amendment rights, respectively.

The district court's dismissal judgment was a "correct disposition" under Hunter, supra, at 304, 68 S.Ct. 1030. In Hunter the federal sentence was to "begin to run at the expiration" of the Missouri sentence. Before expiration of that sentence Missouri paroled and surrendered Martin to the United States for service of the federal sentence. Effectually what happened to Martin happened to petitioner here. Petitioner's parole in Ohio was conditioned not to be final "for a period of not less than a year." This is shown by the certificate of the Ohio Parole Board. The parole condition for Martin was similar. As in Hunter, the state sovereignty did not object to the federal sovereignty taking petitioner into custody, but voluntarily delivered him over. The Supreme Court in Hunter said that "for all practical purposes * * * the State sentence has expired—at least in so far as it was an obstacle to service of the federal sentence." Id. at 303, 68 S.Ct. at 1030. We conclude the same is true of the release of petitioner here by the State of Ohio—for all practical purposes the Ohio release of petitioner, insofar as it may have been an obstacle to the certain commencement of the federal sentence, was final.

In view of our conclusion we see no substance in the other points made by petitioner with respect to the district court's enlarging the time for response to twenty days and to the failure of respondent to certify the true cause of petitioner's detention.

Affirmed.