Charles R. TODD, Petitioner,

v.

Francis M. WILSON, United States Marshal, Western District of Missouri, Respondent.

Civ. A. No. 18037–3.

United States District Court, W. D. Missouri, W. D.

Feb. 4, 1970.

Charles R. Todd, pro se.

Frederick O. Griffin, Jr., Asst. U. S. Atty., Kansas City, Mo., for respondent.

ORDER GRANTING PETITIONER LEAVE TO PROCEED IN FORMA PAUPERIS AND DENYING PETITION FOR HABEAS CORPUS

BECKER, Chief Judge.

Petitioner, a federal convict who is currently serving a state sentence in the

Missouri State Penitentiary, petitions this Court for a writ of habeas corpus prohibiting the respondent from taking custody of petitioner at the termination of his current state sentence on February 2, 1970. Petitioner also requests leave to proceed in forma pauperis. Leave to proceed in forma pauperis will be granted.

Petitioner states that he plead guilty to the offense of forging an endorsement and passing a United States Treasury Department check in violation of Section 495 of Title 18, United States Code; that he was sentenced on that conviction by the Honorable Floyd R. Gibson in the Central Division of this Court on April 3, 1963, to a term of two years' imprisonment; that "at the time of such sentencing petitioner was serving a term of fifteen (15) years in the Missouri State Prison"; that "the terms of the federal sentence * * * provided that petitioner should begin serving such federal term 'upon the expiration of any sentence or sentences of imprisonment now being served by the defendant'"; that "[p]etitioner was eventually paroled on the state sentence, returned as a parole violator and given an additional term of five (5) years"; that "petitioner has been informed that a detainer in favor of the U.S. Marshall (sic) has been lodged against him and that upon termination of his five (5) year term he will be turned over to the custody of such marshall" (sic); "that his present term of five (5) years will expire on the 2nd day of February, 1970"; that "the present sentence [which petitioner is now serving] in the state of Missouri is not related any way, shape or form with the two (2) year federal term imposed in 1963"; and that "the only sentence 'now being served' by petitioner at time of imposition of the federal sentence was the fifteen (15) year term which petitioner was subsequently paroled on and that such sentence expired several years ago."

Under the reasoning of Peyton v. Rowe, 391 U.S. 54, 88 S.Ct. 1549, 20 L.Ed.2d 426, petitioner is "in custody" under the federal sentence so that he has standing to challenge his confinement thereunder. Petitioner therefore has the same right to challenge the continued "custody" of him by respondent in habeas corpus just as a convict who is in custody in the ordinary sense has the right to assert his right to immediate release on the grounds that his sentence has terminated. In this case, petitioner's sentence is controlled by federal statute, Section 3568 of Title 18, United States Code, which, as pertinent, provides that the "sentence of imprisonment of any person convicted of an offense shall commence to run from the date on which such person is received at the penitentiary, reformatory, or jail for service of such sentence." [1] Petitioner states that he has never been in federal custody, except momentarily to be arraigned and sentenced; and that the time spent in state custody has no connection with the federal offense on which he was sentenced in this Court or the acts constituting that offense. It is well settled that a sentence pronounced by a federal court to commence after a state sentence being served at the time of the pronouncement of the federal sentence, does not commence until the sentenced prisoner is received at the "penitentiary, reformatory, or jail for service of such sentence" or otherwise comes into federal custody to serve the sentence. United States v. Kanton (C.A.7) 362 F.2d 178, cert. den. 386 U.S. 986, 87 S.Ct. 1298, 18 L.Ed.2d 239. This is true even though the prisoner is sentenced to, and serves, other terms of imprisonment while in state custody. Gardner v. United States (C.A.5) 274 F.2d 380; Harrell v. Shuttleworth (C.A.5) 200 F.2d 490. Further, although the federal authority may take a state parolee into custody for service of the federal sentence upon his release on parole (see Hunter v.

---

1. Section 3568 has been amended since the date of the petitioner's sentence, but the amendments are not relevant to the petitioner's claim in this case.

Martin, 334 U.S. 302, 68 S.Ct. 1030, 92 L.Ed. 1401), it is not fatal to the federal authority's later assertion of custody at the termination of all state sentences if it does not do so. Federal custody may be asserted over a state parolee when the permission of the state has been given for such custody or when the prisoner has been paroled specifically for the purpose of commencing a federal sentence. Hunter v. Martin, *supra*; United States ex rel. Lombardo v. McDonnell (C.A.7) 153 F.2d 919; Kirk v. Squier (C.A.9) 150 F.2d 3. But "the state which first arrests one accused of crime cannot without its consent be deprived of his custody until it is through with him." United States v. Ayscue (E.D.N.C.) 187 F.Supp. 946, 947, affirmed (C.A.4) 287 F.2d 887. The federal authority was thus justified in waiting until the completion of all of petitioner's state sentences to assert control over him, even when the petitioner was on intervening parole status before being taken back to prison on parole violation by him. "The United States Supreme Court in Hunter v. Martin, * * * held that the purpose of the clause deferring commencement of the federal sentence until the prisoner is received by federal authorities is intended to prevent conflict between state and federal governments." United States v. Ayscue, *supra*, l.c. 948. In Harrell v. Shuttleworth, *supra*, in a case in which the state prisoner was sentenced by a federal court to a two-year term "to begin at the expiration of sentence defendant is now serving" and prisoner was subsequently additionally sentenced by the state for another offense, it was held that the federal sentence commenced in accordance with Section 3568, *supra*, and that the language of the sentencing was surplusage in that respect.

For the foregoing reasons, it is

Ordered that petitioner be, and he is hereby, granted leave to proceed in forma pauperis. It is further

Ordered that the petition herein for habeas corpus be, and it is hereby, denied.