**Curtis Wood ALLEN, Appellant,**

v.

**Dr. P. J. CICCONE, Director, United States Medical Center for Federal Prisoners, Appellee.**

**No. 20066.**

United States Court of Appeals, Eighth Circuit.

May 1, 1970.

Curtis Wood Allen, pro se.

Brief of appellee was filed by Bert C. Hurn, U. S. Atty., Kansas City, Mo., and Frederick O. Griffin, Jr., Asst. U. S. Atty.

Before BLACKMUN, MEHAFFY and BRIGHT, Circuit Judges.

BLACKMUN, Circuit Judge.

Curtis Wood Allen, an inmate of the United States Medical Center at Springfield, Missouri, appeals from Judge Hunter's denial of his application for federal habeas relief. The district court, after observing that "it seems clearly apparent from the record that petitioner's contentions are without merit * * *.", nevertheless refrained from certifying that the appeal was not taken in good faith and granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

Allen does not claim that his federal sentence was imposed in violation of the Constitution or laws of the United States, or that the sentencing court was without jurisdiction to impose the sentence, or that the sentence was in excess of the maximum authorized by law, which are the usual grounds and those mentioned in 28 U.S.C. § 2255. He

claims instead that, despite the validity of his federal sentence, the time for service of that sentence has not yet arrived and that, as a consequence, his federal incarceration is premature and unlawful.

■ The facts on which Allen bases his claim were not controverted. Thus there was no necessity for a hearing in the district court and none was held. Howard v. United States, 274 F.2d 100, 104 (8 Cir.1960), cert. denied, 363 U.S. 832, 80 S.Ct. 1604, 4 L.Ed.2d 1525.

In 1958, in the United States District Court for the Eastern District of Kentucky, Allen, upon his plea of not guilty, was convicted by a jury of violating 18 U.S.C. § 2113. Judge Swinford on May 9, 1958, imposed a sentence of 15 years. Allen at that time, however, was in the midst of serving an indeterminate sentence in the Ohio state penitentiary. His attendance at his federal trial presumably was with the consent of the Ohio authorities or pursuant to an appropriate writ. Judge Swinford therefore provided in his judgment that the federal sentence was "to begin at the expiration of the present sentence now being served at the Ohio State Penitentiary". Allen was returned to the Ohio prison.

On August 12, 1965, Allen was paroled by the Ohio authorities. Inasmuch as a federal detainer had been lodged, his Ohio release resulted in his transfer to federal supervision. He was placed in Atlanta and then in May 1967 was transferred to Springfield. His federal sentence expires on September 7, 1975, with good time, and on August 11, 1980, full term. He will become eligible for federal parole on August 11, 1970.

Allen asserts that his Ohio sentence does not end until April 18, 1982, unless, prior to that date, he should be pardoned or otherwise receive executive clemency. His argument is simply that the Ohio sentence has no "expiration", within the meaning of his federal judgment, until April 1982; that until then he is in Ohio custody, citing Jones v. Cunningham, 371 U.S. 236, 83 S.Ct. 373, 9 L.Ed. 2d 285 (1963), and Anderson v. Corall, 263 U.S. 193, 196, 44 S.Ct. 43, 68 L.Ed. 247 (1923); that the federal sentence by its very language was not to begin until the Ohio sentence expired; that, accordingly, the present service of his federal sentence is improper and illegal, citing In re Wright, 51 F.Supp. 639 (N. D.Cal.1942); and that he is entitled to his freedom in the interim.

■■ The argument Allen advances is not a new one. His case is completely controlled by the decision in Hunter v. Martin, 334 U.S. 302, 68 S.Ct. 1030, 92 L. Ed. 1401 (1948), which the Supreme Court took on certiórari to resolve a theretofore existing conflict among federal circuits.* On facts essentially identical to those which Allen presents to us here, Mr. Justice Jackson rejected the argument and, in speaking for a unanimous Court, said:

"We think it clear that the purpose of the clause deferring commencement of service of the federal sentence was to prevent conflict between the State and Federal Governments. The present federal imprisonment avoids such conflict and achieves· that purpose. Missouri authorities have released petitioner from their custody and surrendered him for the apparent purpose of serving his federal sentence and have reserved control over him as a parolee only in event he is not kept in prison during the period of the federal sentence. For all practical purposes contemplated by the judgment, the State sentence has expired—at least insofar as it was an

---

* Compare United States ex rel. Lombardo v. McDonnell, 153 F.2d 919 (7 Cir. 1946), cert. denied, U. S. ex rel. Durkin v. McDonnell, 328 U.S. 872, 66 S.Ct. 1365, 90 L.Ed. 1641, with Johnston v. Wright, 137 F.2d 914 (9 Cir. 1943), amending and aff'g In re Wright, supra, and Martin v. Hunter, 165 F.2d 215 (10 Cir. 1948). See Kirk v. Squier, 150 F.2d 3 (9 Cir. 1945), cert. denied, 326 U.S. 775, 66 S.Ct. 265, 90 L.Ed. 469.

obstacle to service of the federal sentence.

"To hold otherwise would mean that a man already finally adjudged guilty of a serious federal crime and sentenced to ten years imprisonment would be left at large and free of all restraint for an interlude between release from the state prison and commencement of the federal term. We do not think such a result is required or intended under the statute, 18 U.S. C. § 709a, or under the terms of the sentence as imposed." 334 U.S. at 303–304, 68 S.Ct. at 1030. (footnote omitted).

The statute cited, namely § 709a, was reformulated, without change of significance here, by the Act of June 25, 1948, c. 645, 62 Stat. 683, 838, and is now 18 U.S.C. § 3568. It provides in part:

"The sentence of imprisonment of any person convicted of an offense shall commence to run from the date on which such person is received at the penitentiary * * * for service of such sentence."

This statute, of course, governs Allen's situation. In the light of Hunter v. Martin, which was decided prior to the imposition of Allen's sentence, the meaning and application of the sentencing words are clear and no room remains for argument. But even if the statute and the sentence, in combination, were somewhat less than clear, the statute controls and the specification in the sentence is mere surplusage. United States v. Ayscue, 187 F.Supp. 946, 948 (E.D.N.C. 1960), aff'd 287 F.2d 887 (4 Cir.1961).

Hunter v. Martin, of course, nullified In re Wright upon which Allen relies. There is other authority precisely in point and adverse to Allen's contentions. Domer v. Smith, 412 F.2d 199 (7 Cir. 1969); United States ex rel. Mulroy v. Sloan, 83 F.Supp. 869 (W.D.Pa.1949).

We regard Jones v. Cunningham, supra, and Anderson v. Corall, supra, with their implications as to the continuance of custody during parole as in no way lessening the authority of Hunter v. Martin. The principle of *Jones* and the principle of *Hunter* are not the same. On the authority of Hunter v. Martin and in the light of the other precedents cited, the district court's denial of relief to Allen must be and is

Affirmed.