For the reasons set forth above, it is hereby ordered as follows:

1. The motion for dismissal and/or for summary judgment is granted with respect to the counts in contract and warranty.

2. The motion is denied with respect to the count alleging a maritime tort.

3. Each party shall bear his own costs.

**Benigno Galarza ESPADA, Petitioner,**

v.

**UNITED STATES of America, Respondent.**

**Civ. No. 1022–72.**

United States District Court, D. Puerto Rico.

Jan. 19, 1973.

Benigno Galarza Espada, pro se.

Julio Morales-Sanchez, U. S. Atty., San Juan, P. R., for respondent.

## ORDER

TOLEDO, District Judge.

On November 9, 1972, petitioner filed a motion pursuant to the provisions of Title 28, United States Code, Section 2255, requesting that the sentence imposed on petitioner on April 27, 1967, for murder and violation of Article 8 of the Weapons Law of Puerto Rico and Article 6 of the Weapons Law of Puerto Rico imposed by the Superior Court of Puerto Rico be made to run concurrently with the sentence imposed by this Court on October 27, 1967. On that date petitioner was sentenced to concurrent terms of three years for violation of Title 26, United States Code, Section 4704(a); to seven years for violation of Title 26, United States Code, Section 4705, as amended; and seven years for violation of Title 21, United States Code, Sections 171, 173 and 174, as amended.

The respondent has opposed the request of petitioner. Both parties filed memoranda of law.

■■ The Court, after carefully reviewing the petition, opposition, memoranda of law and the original record in Criminal No. 25–67, that is, the case of the United States of America v. Benigno Galarza Espada, is of the opinion that the petition should be denied.

From a review of the sentence imposed on the defendant by this Court, it is apparent that no mention is made that such sentence should be made to run concurrently with the sentence of the Superior Court of the Commonwealth of Puerto Rico. In view of the fact that petitioner has not been released by the Commonwealth authorities to Federal custody, the sentences imposed by this Court will not commence to run until he is released by such Commonwealth authorities. McNally v. Hill, 293 U.S. 131, 55 S.Ct. 24, 79 L.Ed. 238 (1934); United States v. Ayscue, 187 F.Supp. 946 (D.C.1964); Whiting v. Chew, 273 F.2d 885 (4 Cir. 1960).

■■ Additionally, the provisions of Rule 35, of the Federal Rules of Criminal Procedure preclude a modification of the sentence since a period of 120 days has elapsed since the imposition of sentence. Petitioner's motion is basically a plea for leniency addressed to the Court. Petitioner in no way is attacking his trial or sentence. Rule 35 of the Federal Rules of Criminal Procedure in its pertinent part, provides that:

"The Court may reduce a sentence within 120 days after sentence is imposed."

The time limitation set forth in Rule 35 is mandatory and the Court may not enlarge the time in which to make the motion. United States v. Ellenbogen, 2 Cir., 390 F.2d 537; Urry v. United States, 316 F.2d 185 (10 Cir. 1963). If the motion is untimely, the Court is powerless to act if the sentence is a lawful one.

■■ Additionally, the Court cannot grant relief to the petitioner by considering his motion as filed under Title 28, United States Code, Section 2255. As Professor Wright points out in his work Federal Practice and Procedures, Volume 2, Section 590:

"A proceeding under Title 28, United States Code, Section 2255, is an independent and collateral inquiry into the validity of the conviction . . The 2255 motion is an independent suit. The action is civil in nature when governed by the rules and statutes applicable to civil actions."

The remedy afforded by motion under Section 2255 is one to vacate, to set aside or correct a sentence and does not cover a mere request for leniency.

In accordance with the decision of Hill v. United States of America, 368 U.S. 424, 82 S.Ct. 468, 7 L.Ed.2d 417, there are four grounds on which relief can be granted on a Section 2255 motion, which are:

1. That the sentence was imposed in violation of the Constitution of the United States.

2. That the Court was without jurisdiction to impose such sentence.

3. That sentence was in excess of the maximum authorized by law.

4. That the sentence is otherwise subject to collateral attack.

A review of all the proceedings that took place in the instant case clearly demonstrate the absence of any one of these four grounds.

Wherefore, the petition under Title 28, United States Code, Section 2255 filed in the instant case is hereby denied.

It is so ordered.