STATE EX REL. HARLEY OTTERSTETTER v.
BRUCE McMANUS AND ANOTHER.

243 N. W. 2d 730.

June 4, 1976—No. 45894.

*Melvin B. Goldberg, James P. Cullen,* and *Judith A. Harrigan,* Legal Assistance to Minnesota Prisoners, for appellant.

*Warren Spannaus,* Attorney General, *Richard G. Mark,* Assistant Solicitor General, and *Thomas J. Foley,* Special Assistant Attorney General, for respondents, warden and records officer of State Prison.

Heard before Kelly, MacLaughlin, and Scott, JJ., and considered and decided by the court en banc.

MacLAUGHLIN, JUSTICE.

This is an appeal from an order of the district court discharging a writ of habeas corpus. The issue on appeal is whether, under the provisions of the Interstate Agreement on Detainers and the facts of this case, a penal sentence imposed by a foreign state, running concurrently with a prior Minnesota sentence, requires the return of the prisoner to the foreign state upon his release on parole in Minnesota. We hold that it does, and, therefore, affirm.

On September 10, 1973, appellant, Harley Otterstetter, was convicted of theft by check and on October 22, 1973, was sentenced to 0 to 5 years in the Minnesota State Prison. On August 1, 1974, appellant was released on parole by the Minnesota Corrections Authority. While on parole, appellant obtained property under false pretenses in South Dakota. Appellant's parole was subsequently revoked and on November 12, 1974, South Dakota filed a detainer against appellant with the Minnesota State

Prison. Appellant invoked the Interstate Agreement on Detainers and pursuant to the provisions of that agreement appellant was temporarily transferred to the custody of the South Dakota authorities where he was tried and convicted of obtaining money under false pretenses. Appellant was sentenced by Judge Gordon Mydland to 24 months in a South Dakota State Prison with the proviso that appellant "receive credit for every day confined in a penal institution." Appellant was then returned to Minnesota State Prison.

On January 10, 1975, appellant was granted parole contingent upon the South Dakota detainer being dropped. Respondent George Crust, a Minnesota State Prison records officer, attempted to secure authorization from Judge Mydland for a concurrent Minnesota-South Dakota parole for appellant. Judge Mydland responded that he had no authority to now grant appellant probation or suspend his sentence. The judge did, however, amend appellant's 24-month sentence to run concurrently with appellant's Minnesota sentence. On February 25, 1975, the Minnesota Corrections Authority granted appellant a "Conditional parole to South Dakota sentence." Appellant objected to this conditional parole and petitioned for a writ of habeas corpus. After a habeas corpus hearing, the district court concluded that the certified copy of the sentence of the South Dakota court filed with the Minnesota State Prison was a valid detainer which required that upon appellant's release from incarceration in Minnesota he must be returned to South Dakota to serve the remainder of his South Dakota sentence, but that appellant need not accept the parole granted him by the Minnesota Corrections Authority on February 25, 1975.

Article III of the Interstate Agreement on Detainers, set forth in Minn. St. 629.294, subd. 1, provides in pertinent part:

"(a) Whenever a person has entered upon a term of imprisonment in a penal or correctional institution of a party state, and whenever during the continuance of the term of imprison-

ment there is pending in any other party state any untried indictment, information, or complaint on the basis of which a detainer has been lodged against the prisoner, he shall be brought to trial within 180 days after he shall have caused to be delivered to the prosecuting officer and the appropriate court of the prosecuting officer's jurisdiction written notice of the place of his imprisonment and his request for a final disposition to be made of the indictment, information, or complaint; * * *."

By invoking this provision while he was a prisoner in Minnesota, appellant was able to obtain a speedy disposition of the South Dakota charges against him. Article III of the Interstate Agreement further states in part:

"(e) Any request for final disposition made by a prisoner pursuant to paragraph (a) hereof shall also be deemed to be * * * *a waiver of extradition to the receiving state to serve any sentence there imposed upon him, after completion of his term of imprisonment in the sending state.*" (Italics supplied.)

Thus by invoking the Interstate Agreement on Detainers appellant committed himself to serve any sentence imposed on him in South Dakota after completion of his "term of imprisonment" in Minnesota.

Appellant argues that his "term of imprisonment" in Minnesota is not yet completed because even though he is on parole he is still under the supervision of the Minnesota Corrections Authority. He argues, therefore, that he need not be returned to South Dakota, and that each day he is on parole should count as one day credited toward the South Dakota sentence.

Consequently, the question to be answered is whether the phrase "term of imprisonment" as used in the Interstate Agreement on Detainers includes time spent on parole.

Appellant cites no authority for his contention that the phrase "term of imprisonment" is not limited to the period of actual confinement in a penal institution but includes time while on parole. Indeed, such an interpretation of "term of imprisonment" is in-

consistent with the use of that phrase in the Interstate Agreement. Article III(a) of the Agreement states:

"Whenever a person has entered upon a *term of imprisonment in a penal or correctional institution* of a party state, and whenever *during the continuance of the term of imprisonment* there is pending in any other party state any untried indictment, information, or complaint on the basis of which a detainer has been lodged against the prisoner, he shall be brought to trial within 180 days after * * * his request for a final disposition to be made of the indictment, information, or complaint; * * *. The request of the *prisoner* shall be accompanied by a certificate of the appropriate official *having custody of the prisoner,* stating the term of commitment under which the prisoner is being held, * * *." (Italics supplied.)

While "term of imprisonment" is never explicitly defined anywhere in the Agreement, it is clear that the phrase is used in this section to refer to the period of actual physical confinement of the prisoner.

The legislature has consistently used the phrase "term of imprisonment" in Minnesota statutes to refer to the period of actual physical confinement.[1] The few state courts which have directly considered the meaning of the phrase have also adopted this same interpretation. In In re St. Peter v. Rhay, 56 Wash. 2d 297, 299, 352 P. 2d 806, 807 (1960), the Washington Supreme Court stated:

"If 'term of imprisonment' were to mean the length of the penalty prescribed by statute rather than actual imprisonment, the sentence for a subsequent felony could not start when an inmate was released with allowance for 'good time,' but instead would commence only after he had been at large for the length of his 'good time' allowance. This would create an anomalous situation.

---

[1] See, e. g., Minn. St. 609.10, 609.12, 609.15, 609.155.

"Accordingly, we think the legislature intended the phrase 'term of imprisonment' to mean the term during which an inmate is actually imprisoned."

And in People ex rel. Ross v. Becker, 382 Ill. 404, 47 N. E. 2d 475 (1943) the Supreme Court of Illinois expressly rejected the contention that a convict could be deemed to be imprisoned while he is out on parole. See, also, Hunter v. Martin, 334 U. S. 302, 68 S. Ct. 1030, 92 L. ed. 1401 (1948); Allen v. Ciccone, 425 F. 2d 989 (8 Cir. 1970).

To accept appellant's interpretation of the phrase "term of imprisonment" would allow a person who has been convicted and sentenced for a crime to remain free without the consent of the out-of-state sentencing authority. Appellant committed a criminal offense in South Dakota and that state has a valid interest in imprisoning him. If appellant is no longer imprisoned in Minnesota, then there is no impediment to appellant's now serving the remainder of his South Dakota sentence.

Since it is clear that the phrase "term of imprisonment" does not include time spent on parole, we hold that the trial court correctly determined that the detainer filed against appellant required, upon appellant's release from incarceration in Minnesota, his return to South Dakota to serve the remainder of his South Dakota sentence.

Affirmed.